Alfredo Amieiro, demandante y apelado, *v.* Antonio Charrón y su esposa Rosa Pesante, demandados; M. Grau e Hijos, tercerista y apelante.

No. 5100.—*Sometido:* Abril 23, 1930. *Resuelto:* Julio 21, 1931.

*José Sabater*, abogado del tercerista apelante; *Enrique Báez García*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Alfredo Amieiro demandó en la Corte de Distrito de Mayagüez a Antonio Charrón y a su esposa para que le pagasen $467.82 de mercancías que les había vendido sin que se las satisficieran y por $2,000 de un pagaré vencido, con intereses convenidos en el mismo del 1 por ciento mensual, $100 para honorarios de abogado y las costas en caso de reclamación judicial.

El principal reclamado ascendía a $2,467.82 y para aseguramiento de la sentencia fué decretado el embargo por dicha cantidad, $100 convenidos por honorarios de abogado y $300 para costas e intereses, que suman $2,867.82; y fué trabado embargo en dos fincas, en un automóvil y en una póliza de seguro contra incendio.

Después de dictada sentencia contra los demandados la compañía aseguradora entregó en la corte la cantidad de $1,500 en que fué liquidada la póliza por el incendio del establecimiento comercial de los demandados, ocurrido el día anterior a la presentación de la demanda.

Solicitó el demandante que los $1,500 le fueron entregados a cuenta de su sentencia y entonces la mercantil M. Grau e Hijos, que en otro pleito suyo había embargado posteriormente la póliza, presentó moción que tituló de tercería en el pleito de Amieiro, en la que alegó que habiendo limitado Amieiro su embargo sobre la póliza a $767.82, de los que deben deducirse $300 por la condena en costas que es improcedente por haberse dictado la sentencia en rebeldía, la diferencia debe ser entregada a M. Grau e Hijos cuya reclamación es de $1,265. También alegó que la reclamación de Amieiro es en parte simulada y el resultado de una conspiración para burlar a M. Grau e Hijos porque el pagaré que cobró Amieiro es fraudulento.

El demandante solicitó que la moción de M. Grau e Hijos fuese eliminada de los autos, y la corte resolviendo ambas mociones ordenó que se entregasen a Amieiro los $1,500 y declaró sin lugar la moción de tercerista M. Grau e Hijos. Éstos han apelado esa resolución.

Los apelantes alegan dos motivos para su recurso, que en síntesis son: primero, haber permitido la corte que Amieiro tomase los $1,500 para abonarlos a su reclamación cuando la póliza estaba embargada solamente hasta $767.82, y, segundo, al no permitir prueba a los apelantes para sostener su moción.

■ Los apelantes no tenían derecho a impugnar la sentencia en cuanto a la simulación alegada del pagaré reclamado por Amieiro en una moción, pues si tal simulación existe y por ella la sentencia es nula, tiene que ser atacada la sentencia en un juicio de nulidad y no colateralmente, por lo que no cometió error la corte al no permitir prueba de ella en ese particular.

■ En cuanto al derecho que alegan tener los apelantes a parte de los $1,500 no era necesario que se presentasen pruebas, pues éstas aparecen de las diligencias en el pleito de Amieiro. En él consta que al ser embargada la póliza Amieiro

limitó su embargo en cuanto a ella a $767.82, renunciando así por acto propio a la mayor cantidad que produjese, por lo que sólo tiene derecho a que se le entregue de ella esa cantidad, quedando el resto de $732.18 sujeto al embargo de M. Grau e Hijos.

La cuestión de si de los $767.82 a que Amieiro limitó su embargo deben ser rebajados $300 por costas que se alega eran improcedentes en la sentencia en rebeldía, era ésta materia impropia en la moción de M. Grau e Hijos, aparte de que en el pagaré reclamado se obligaron los deudores a pagar $100 por honorarios de abogado y las costas.

*La resolución apelada debe ser revocada y dictarse otra declarando que Alfredo Amieiro sólo tiene derecho a cobrar $767.82 de los $1,500 depositados por la liquidación de la póliza de incendio y que el resto de $732.18 quede sujeta al embargo que de ellos hizo M. Grau e Hijos.*