AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, demandante y apelante, *v.* OSCAR B. IRIZARRY CARDELL y MARYLAND CASUALTY CO., demandados y apelados.

Núm. 10467.—*Sometido:* Junio 1, 1951. *Resuelto:* Junio 8, 1951.

---

*Gabriel Guerra Mondragón, José A. Vila Ruiz, Antonio B. Bird,* y *C. Domínguez Rubio,* abogados de la apelante; *F. Prieto Azúar,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Este caso es una secuela del de *Autoridad de Fuentes Fluviales* v. *Corte,* 65 D.P.R. 480. Nos exige resolver la cuestión que expresamente dejamos pendiente en dicho caso, a saber: si en un pleito de daños y perjuicios proveniente de un accidente de automóvil el tribunal de distrito puede adquirir jurisdicción sobre el dueño del automóvil como parte demandada, sin necesidad de que sea emplazado personalmente, (1) mediante embargo de su interés en una póliza de seguros que cubría tales accidentes y (2) mediante emplazamiento posterior del demandado por publicación de edictos basados en ese embargo.

El presente es un pleito entablado por la Autoridad de las Fuentes Fluviales contra Oscar B. Irizarry en reclamación de daños resultantes de un choque ocurrido entre un automóvil guiado por Irizarry y otro propiedad de la Autoridad.

Ésta unió también a la Maryland Casualty Company como parte demandada, alegando que el accidente estaba cubierto por una póliza de seguros expedida por la compañía a favor de Irizarry. Éste fué emplazado por edictos, pero no se embargaron bienes suyos en Puerto Rico antes de que fuera emplazado. A moción de Irizarry, quien compareció especialmente con ese objeto, el tribunal de distrito dejó sin efecto su resolución ordenando la citación por edictos y resolvió que no había adquirido jurisdicción sobre la persona de Irizarry. En nuestra opinión del tomo 65 D.P.R. 480, confirmamos esta actuación de la corte inferior. Resolvimos que bajo la Regla 4 (e) de las de Enjuiciamiento Civil, Irizarry no podía ser emplazado por edicto a menos que primeramente se efectuara un embargo sobre bienes suyos radicados en Puerto Rico.

El párrafo final de nuestra opinión en 65 D.P.R. 480, 487, dice así: "En el récord también hay una moción de la Autoridad para que se traiga a Irizarry a este caso mediante embargo formal de su interés en la póliza de seguros que tiene con la Maryland Casualty Company. Las partes han argumentado considerablemente (1) si el interés que tiene Irizarry en la póliza está sujeto a embargo bajo nuestras leyes; y (2) si una orden posterior para que se emplace por edictos con el fin de traer a Irizarry al caso podría válidamente basarse en tal embargo. La corte de distrito nunca resolvió dicha moción; y en su consecuencia, no se ha dictado tal orden posterior de emplazamiento por edictos. Por tanto, la cuestión no está todavía ante nos. Cuando devolvamos el caso la corte inferior tendrá que examinar y considerar dicho punto."

A tenor con lo anteriormente transcrito, el tribunal de distrito consideró luego la moción para que asumiera jurisdicción sobre Irizarry como parte demandada en el caso, mediante embargo de su interés en la póliza. Resolvió que el interés de Irizarry en ésta no era propiedad embargable dentro del significado de nuestros estatutos, y por consi-

guiente no se podía expedir orden de embargo que sirviera de base a la orden para que se citara a Irizarry por edictos. En consecuencia resolvió que carecía de jurisdicción sobre Irizarry. El caso se encuentra ante nos en apelación contra la resolución del tribunal de distrito.

La opinión de la corte inferior y los alegatos de las partes discuten ampliamente la diferencia que hay entre una póliza de indemnización contra responsabilidad y una póliza de indemnización solamente contra pérdida. En la segunda, la compañía es responsable solamente si el asegurado ha sufrido de hecho una pérdida por haber pagado una sentencia en su contra. En la primera, la responsabilidad de la compañía surge tan pronto como se dicta sentencia firme contra el asegurado. Anotaciones, 41 A.L.R. 507, 117 A.L.R. 239, 48 L.R.A. (N.S.) 184, 159 A.L.R. 762; 6 Blashfield, *Cyclopedia of Automobile Law and Practice, Part 2, Perm. ed.,* pág. 6, y casos citados; *Fehr* v. *General Accident Fire & Life Assur. Corp.,* 16 N.W.2d 787 (Wisc., 1944); *Luger* v. *Windell,* 199 Pac. 760 (Wash., 1921).

En las pólizas que indemnizan al asegurado contra responsabilidad (y no meramente contra pérdida), frecuentemente se incluye una cláusula de "no pleito" que prohibe la radicación de un pleito contra la aseguradora por la persona lesionada antes de que haya sentencia firme a favor de la persona lesionada en un pleito instado por ésta contra el asegurado.(¹) El efecto de esta cláusula es impedir al demandante instar pleito contra el asegurado y la compañía conjuntamente. Pero esto no cambia la póliza de una de indemnización contra responsabilidad a una de indemnización solamente contra pérdida. La póliza sigue siendo la primera. Se convertirá en la segunda solamente si la cláusula dispusiera, como lo hace la cláusula de "no pleito" en una póliza propiamente dicha de esta naturaleza, que no se

---

(¹) Uno de los principales propósitos de tal cláusula en los contratos que se otorgan en los estados es ocultarle a los jurados el hecho de que el accidente estaba cubierto por seguro. Allí, contrario a la situación en esta isla, de ordinario tales casos se ven ante jurado.

radicará pleito contra la aseguradora hasta que el asegurado haya de hecho pagado una sentencia dictada en su contra. Anotaciones, 83 A.L.R. 677, 688; 117 A.L.R. 239, 245; 159 A.L.R. 762; 6 Blashfield, supra, pág. 11 *et seq.*

Cuando pasamos a considerar la póliza en el presente caso encontramos, además de otras cláusulas demostrativas de que la misma era una póliza de indemnización contra responsabilidad, que ella contenía una cláusula de "no pleito" consistente con dicha clase de póliza; es decir, una disposición al efecto de que la persona lesionada no puede entablar pleito alguno contra la aseguradora antes de que se dicte sentencia a favor de la persona lesionada en un pleito de ésta contra el asegurado.(²)

Hemos examinado los anteriores principios porque la corte inferior y las partes han hecho gran hincapié sobre ellos. Pero, según indica la Autoridad, a nuestros fines, la discusión de las diferencias existentes entre estas dos clases de pólizas está fuera de lugar. En Puerto Rico ninguna de las dos cláusulas de "no pleito" puede ser efectiva porque están en conflicto con la sección 175 de la Ley de Seguros.(³) Esta

---

(²) La cláusula en cuestión dice así: "No podrá entablarse contra la Compañía ninguna acción o demanda para recobrar sobre cualquier reclamación o por cualquier pérdida, a menos que se entablare después de haberse fijado y determinado el monto, bien sea por sentencia final contra el Asegurado después de un juicio o por convenio entre las partes, con el consentimiento por escrito de la Compañía, y en ningún caso a menos que se entablare dentro de los dos años siguientes a tal sentencia final o convenio."

(³) La sección 175 (Ley núm. 66, Leyes de Puerto Rico, 1921, según quedó enmendada por la Ley núm. 19, Leyes de Puerto Rico, 1929) prescribe como sigue: "Será ilegal toda cláusula en un contrato de seguro que impida al asegurado el derecho de reclamar en los tribunales de justicia, en cualquier momento después de ocurrido el accidente, contra el cual se hizo el seguro, el importe de cualquier pérdida sufrida y que hubiere sido objeto de dicho seguro. Cuando el causante de los daños estuviere asegurado contra el accidente que produjo la pérdida o los daños y en el caso en que una póliza de seguro se hubiere expedido para beneficiar a un tercero, la acción para reclamar la indemnización que proceda, podrá presentarse conjuntamente contra el asegurado y la compañía aseguradora. El tribunal determinará no sólo la responsabilidad de la compañía, sino también el alcance de la pérdida."

sección deja sin efecto dichas cláusulas y permite un solo pleito contra el asegurado y la aseguradora, independientemente de si la póliza está concebida en términos de indemnización contra pérdida o indemnización contra responsabilidad. Anotación, 117 A.L.R. 239, 248; *Biller et al.* v. *Meyer*, 33 F.2d 440 (C.C.A. 7, 1929); *Lorando* v. *Gethro*, 117 N.E. 185 (Mass., 1917).

Nos damos cuenta del motivo por el cual la corte de distrito y las partes discuten la diferencia entre seguro por pérdida y seguro por responsabilidad, no obstante el hecho de que la sección 175 destruye la diferencia entre ellos, permitiendo un solo pleito contra el asegurado y la aseguradora. Se enfrascan en esta argumentación porque los casos estatales resuelven que en el caso de seguro por responsabilidad, el interés del asegurado puede ser embargado *después* que el lesionado obtiene sentencia contra el asegurado, mientras que si la póliza es una solamente de indemnización contra pérdida, no puede obtenerse tal embargo. Anotaciones, 41 A.L.R. 507, 516; 7 L.R.A. (N.S.) 958; 159 A.L.R. 762, 773 *et seq.;* 6 Blashfield, supra, pág. 15; *Macey* v. *Crum*, 30 So. 2d 666 (Ala., 1947); *Hodges* v. *Ocean Accident & Guarantee Corporation*, 18 S.E.2d 28 (Ga., 1941); *United States Fidelity & Guaranty Co.* v. *Williams*, 129 Atl. 660 (Md., 1925); *Employers Liability Assur. Corporation* v. *Bodron*, 65 F.2d 539 (C.C.A. 5, 1933); *Luger* v. *Windell*, supra; *Allen* v. *Aetna Life Ins. Co.*, 145 Fed. 881 (C.C.A. 3, 1906); *Combs* v. *Hunt*, 125 S.E. 661 (Va., 1924). Pero aquí estos casos tampoco son decisivos para nosotros. Nuestro problema más bien es determinar si el interés del asegurado puede embargarse en manos de la aseguradora *antes* de dictarse sentencia. (En verdad, como hemos visto, el embargo es un requisito previo a la jurisdicción de la corte inferior.) Para contestar dicha pregunta debemos determinar la naturaleza de la responsabilidad de un asegurado y su aseguradora, respectivamente, a tenor con la ley local.

En el caso de *United States Casualty Co.* v. *Corte*, 66

D.P.R. 937, resolvimos que un pleito similar no puede ser radicado contra la compañía aseguradora solamente porque "la responsabilidad de la aseguradora depende de la responsabilidad del asegurado." (Pág. 938.) Dijimos en dicho caso a la pág. 939: "Para que el demandante pueda obtener sentencia contra la compañía aseguradora es necesario que el asegurado sea responsable del daño causado, pues de no serlo, la compañía no tiene responsabilidad. Por esta razón para que la demanda en el presente caso exponga causa de acción contra la compañía aseguradora, precisa que el demandante haya obtenido sentencia firme contra el asegurado o que el asegurado haya sido demandado conjuntamente con la aseguradora, conforme lo autoriza el artículo 175 de la Ley de Seguros de Puerto Rico, según fué enmendado por la Ley núm. 19 de 1929 (pág. 161). Al permitir dicho artículo unir al asegurado y a la aseguradora en una misma demanda, no creó ningún derecho de acción contra la aseguradora que antes no existiese. Su propósito fué evitar dos pleitos, uno contra el asegurado y al terminarlo con éxito, emprender otro contra la compañía aseguradora." Al mismo efecto, *Bithorn* v. *Santana*, 68 D.P.R. 300; *Guerra* v. *Ortiz*, 71 D.P.R. 613, 624.

En esta forma hemos aclarado debidamente que la sección 175 de la Ley de Seguros es un medio puramente procesal para evitar dos pleitos; que no crea derecho sustantivo alguno; que no procede un pleito contra la compañía de seguros únicamente; y que una condición previa a la responsabilidad de la compañía es que se resuelva que el asegurado es responsable. En verdad, aparentemente la Autoridad no cuestiona estas proposiciones. No ha tratado de demandar a la compañía solamente. Tanto en el primer incidente como en éste, todos sus esfuerzos se han dirigido a traer a Irizarry como demandado en el caso. Por tanto implícitamente reconoce que la responsabilidad de la compañía es contingente y está sujeta a que primeramente se decida que el demandado es responsable con aquélla como parte en el pleito.

En resumen, la responsabilidad de la compañía no surge hasta que primeramente se establezca la responsabilidad del asegurado. En consecuencia, hasta que el demandante haya probado la responsabilidad del asegurado, independiente de la compañía, ésta nada debe ni al asegurado ni al demandante. Pero aquí la responsabilidad del asegurado no puede determinarse precisamente porque la corte no tiene jurisdicción sobre él por no habérsele emplazado personalmente. Decir que puede adquirirse jurisdicción sobre el asegurado embargando su interés en la póliza (con la mera citación por edictos basada en dicho embargo), en vista de que ese interés no existe a menos que se haya resuelto ya que él es responsable, equivaldría a enfrascarnos en un círculo vicioso. Estamos constreñidos a convenir con la corte inferior que en este estado de los procedimientos, el interés de Irizarry en la póliza de seguros era sólo contingente y por consiguiente no era propiedad embargable preteneciente a él. De conformidad, el embargo fué nulo y el emplazamiento de Irizarry mediante edictos no podía basarse en dicho embargo. Véanse Anotación, 134 A.L.R. 853, 869; *Gray* v. *Houck*, 68 S.W.2d 117 (Tenn., 1934); *Palmer* v. *Duplex Truck Co.*, 103 Atl. 943 (N.H., 1918); *Travelers' Ins. Co.* v. *Inman*, 126 So. 399 (Miss., 1930); *Employers' Liability Assur. Corporation* v. *Taylor*, 178 S.E. 772 (Va., 1935); *Cruz* v. *Corte*, 70 D.P.R. 324. *Cf.* Anotación, 12 A.L.R. 2d 787. Los casos resueltos por este Tribunal en que descansa la Autoridad no son de aplicación. Ellos tratan de situaciones en que existía obviamente propiedad perteneciente a la persona en ellos envuelta y estaba claramente sujeta a embargo.(4)

Quizás las Reglas deban modificarse en el sentido de permitir el emplazamiento personal de un funcionario adecuado dentro de la isla de Puerto Rico, más los edictos, donde como ocurre aquí el dueño de un automóvil envuelto en un acci-

---

(4) *Sierra* v. *Vieta*, 56 D.P.R. 224; *Martinó* v. *Santisteban Chavarri & Co.*, 53 D.P.R. 297; *Bustelo* v. *Lugo Viñas*, 42 D.P.R. 106; *Amieiro* v. *Charrón y M. Gráu e Hijos*, 42 D.P.R. 665.

dente abandona con posterioridad la jurisdicción. Véanse *Milliken* v. *Meyer*, 311 U. S. 457; *Hess* v. *Pawloski*, 274 U. S. 352; Scott, *Hess and Pawloski Carry On*, 64 Harv. L. Rev. 98. Y quizás la Legislatura debiera enmendar la sección 175 para permitir bajo estas circunstancias el pleito contra las compañías aseguradoras únicamente; obviamente, el no poderse citar al demandado personalmente es una ventaja (*windfall*) para la compañía. Pero bajo las actuales Reglas y estatutos, forzoso es que conclüyamos que la corte inferior no cometió error al resolver que no hubo embargo válido que justificase el emplazamiento de Irizarry mediante edictos.

*La resolución de la corte de distrito será confirmada.*