ÁNGEL RUIZ GARCÍA y OTROS, demandantes y peticionarios, *v.* NEW YORK DEPARTMENT STORES y OTROS, demandados.

*Número:* CC-97-294          *Resuelto:* 30 de junio de 1998

354

*Roberto Cardona Ubiñas,* abogado de los peticionarios; *Miriam González Olivencia,* abogada de los recurridos.

El Juez Asociado Señor Fuster Berlingeri emitió la opinión del Tribunal.

Nos toca resolver si el Código de Seguros de Puerto Rico requiere que se desestime una acción por daños y perjuicios instada al amparo del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141, en aquellos casos en los cuales la parte demandada estaba asegurada por una compañía de seguros que advino insolvente luego de haber sido instada la acción civil, cuando dicha compañía nunca fue traída como parte en la acción referida.

I

El 17 de septiembre de 1990, Ángel Ruiz García y su esposa Flor de María Morales Soto, por sí y en representación de su hija menor de edad Flor de Lauris Ruiz Morales, presentaron una demanda por daños y perjuicios en el entonces Tribunal Superior, Sala de Aguadilla, contra la New York Department Stores (en adelante la New York Dept. Stores) y contra Héctor Allende Pérez, Juan Vázquez Rodríguez y José Torres Morales —todos empleados de la

New York Dept. Stores— y las sociedades de bienes gananciales de estos últimos.

En síntesis, los demandantes alegaron que los demandados habían acusado falsamente a la menor Flor de Lauris de haberse apropiado ilegalmente de mercancía de la tienda, que la sometieron a un registro sin autorización y que restringieron su libertad. *En la referida demanda no se incluyó como demandada a la aseguradora de la New York Dept. Stores, la Insurance Company of Florida* (en adelante la I.Co.F.).

El 14 de noviembre de 1990, la New York Dept. Stores contestó la demanda. No hizo mención alguna de que tenía un contrato de seguros con una compañía aseguradora. *Dicha aseguradora tampoco fue traída al pleito por la New York Dept. Stores.* Los demás demandados nunca contestaron, por lo cual se les anotó la rebeldía a los codemandados Héctor Allende y José Torres.[1] Posteriormente la demanda fue trasladada, mediante una orden de 23 de enero de 1991, al entonces Tribunal Superior, Sala de Mayagüez, conforme a las disposiciones de la Regla 3.3 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III.

Así las cosas, comenzaron los procedimientos de descubrimiento de prueba entre la parte demandante y la New York Dept. Stores. Se señaló fecha para la celebración de la vista en su fondo para el 6 de noviembre de 1992, y aunque los representantes legales de ambas partes comparecieron, dicha vista fue suspendida y reseñalada para el 29 de enero de 1993. Mientras tanto, el 29 de diciembre de 1992 un tribunal del Segundo Circuito Judicial para el condado de León en el estado de Florida, EE.UU., emitió una orden contra I.Co.F. y la declaró insolvente. Mediante dicha orden se decretó, además, la liquidación y paralización de todas las acciones y los procedimientos contra I.Co.F. Por razón de lo anterior, el 18 de enero de 1993 el representante legal de la New York Dept. Stores presentó ante el

---

[1] Los demás codemandados aparentemente no fueron emplazados.

foro de instancia una moción de renuncia de representación legal. Justificó su solicitud de renuncia en que el Departamento de Seguros del estado de Florida había ordenado a todos los abogados de I.Co.F. que no tomaran ninguna acción sobre reclamaciones incoadas contra dicha compañía de seguros *y que presentaran la renuncia en todos los casos relacionados a dichas reclamaciones.* Señaló, además, que la Oficina de Liquidación del Comisionado de Seguros de Puerto Rico le había informado que procedería a solicitar que se nombrara como Administrador Auxiliar de I.Co.F. al Comisionado de Seguros de Puerto Rico. De esta forma salió por primera vez a relucir que la representación legal de la New York Dept. Stores había sido contratada por I.Co.F., alegadamente en virtud de un contrato de seguros existente entre ésta y la New York Dept. Stores.

El 27 de enero de 1993 el entonces Tribunal Superior, Sala de San Juan, emitió una orden en el caso *García, Comisionado de Seguros de Puerto Rico v. Insurance Company of Florida*, en la que instituyó un procedimiento de liquidación contra I.Co.F. en conformidad con las disposiciones del Cap. 40 del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 2401–2404, y designó al Comisionado de Seguros de Puerto Rico como Administrador Auxiliar. Mediante la referida orden se dispuso además, en lo pertinente, lo siguiente:

> 5. ... [Q]ue toda persona, incluyendo a los tenedores de pólizas de la [I.Co.F.], beneficiarios y toda persona que incoe una reclamación contra tales tenedores de pólizas, queda por la presente ORDEN impedida de incoar o proseguir con cualquier causa de acción o procedimiento en cualquier Tribunal o ante cualquier agencia administrativa, incluyendo juntas o comisiones, o cualquier otro foro que por disposición estatutaria administre leyes o reglamentos de Puerto Rico o de cualquier estado de los Estados Unidos de América, que persiga en cualquier forma o manera directa o indirectamente impugnar o interferir con las facultades y poderes del Administrador Auxiliar.

.    .    .    .    .    .    .    .

7. ... [Q]ue aquellas personas que tuvieren alguna reclamación contra [I.Co.F.] y residan en Puerto Rico podrán presentar sus reclamaciones ante el Administrador Auxiliar aquí nombrado o ante el Liquidador Domiciliario en el estado de la Florida. ... [Q]ue las reclamaciones deberán radicarse en o antes de la última fecha fijada en el procedimiento de liquidación domiciliaria para la presentación de reclamaciones, que en este caso ha sido señalado el día 29 de junio de 1993. Reclamaciones radicadas después de esa fecha se considerarán reclamaciones tardías.

.  .  .  .  .  .  .  .  .

17. ... [Que] a partir de la fecha de esta ORDEN, la Asociación De Garantía de Seguros Misceláneos de Puerto Rico dará entera fe y crédito a la Orden de Liquidación contra ICOF, emitida por la Corte del Segundo Circuito Judicial para el Condado de León del Estado de Florida y, a tales efectos, atenderá las reclamaciones de los asegurados o reclamantes de I.Co.F. en Puerto Rico, conforme las disposiciones del Capítulo 38 del Código de Seguros de Puerto Rico.

18. ... [Que] de acuerdo con el Artículo 40.210 del Código de Seguros de Puerto Rico, 26 L[.P.R.A. s]ec. 4021, que se le da entera fe y crédito a la orden de liquidación emitida por la Corte del Segundo Circuito Judicial para el Condado de León del estado de Florida. Según dispone dicha orden, SE ORDENA la paralización automática de las acciones existentes en contra de I.Co.F.

Alegadamente, dicha orden fue notificada por correo con acuse de recibo a los demandantes y publicada en edictos, en la cual se advertía a todos los reclamantes de I.Co.F. de los procedimientos que habrían de seguir.

Ante esta situación, el tribunal de instancia paralizó los procedimientos en el caso de epígrafe y le concedió a los demandantes un término de treinta (30) días para verificar la situación de los procedimientos ante el Comisionado de Seguros. Asimismo, el 29 de abril de 1993 el Tribunal Superior, Sala de San Juan, ordenó al Juez Administrador del Tribunal de Mayagüez que paralizara administrativamente hasta el 27 de junio de 1993 todos los casos en que I.Co.F. fuera parte interesada o viniera obligada a representar a una parte en el pleito.

El 27 de mayo de 1993 los demandantes comparecieron ante el tribunal de instancia y le indicaron que deseaban continuar los procedimientos judiciales únicamente contra la New York Dept. Stores y los demás demandados que se encontraban en rebeldía. Expresamente señalaron que no interesaban continuar el pleito contra la I.Co.F., la cual nunca había sido demandada. Los demandantes también le indicaron al tribunal que la New York Dept. Stores les había notificado que tenían la opción de acogerse al procedimiento de liquidación de la I.Co.F. y presentar en éste una reclamación relativa a este caso, pero que no interesaban ejercer tal opción. Por su parte, la New York Dept. Stores, como tenedora de la póliza emitida por la I.Co.F., presentó su reclamación ante la Asociación de Garantía de Seguros Misceláneos.

El 22 de septiembre de 1993 el tribunal de instancia emitió una orden en la cual indicaba que la paralización de los procedimientos ordenada por el Comisionado de Seguros y el tribunal había vencido el 27 de junio de 1993, por lo cual citaba a las partes del pleito a una conferencia sobre el estado de los procedimientos para el 8 de noviembre de 1993. Posteriormente, dicha vista fue pospuesta, y en su lugar el tribunal señaló el 8 de junio de 1994 para continuar la vista en su fondo del pleito contra la New York Dept. Stores.

En vista de este nuevo señalamiento, el 31 de mayo de 1994 la Asociación de Garantía de Seguros Misceláneos (en adelante la Asociación), en representación de I.Co.F. y de New York Dept. Stores, presentó una moción de sentencia sumaria en la cual solicitó la *desestimación* de la demanda y alegó que la parte demandante no había presentado ante sí el formulario de reclamación y comprobación de pérdida dentro del término dispuesto en la orden de 27 de enero de 1993. El 3 de junio de 1994, el tribunal de instancia emitió una resolución y orden para concederle a las partes treinta (30) días para ilustrar al tribunal si procedía o no conti-

nuar los procedimientos en el caso, por no haber los demandantes presentado una reclamación ante el Comisionado de Seguros, conforme lo disponen los Arts. 40.510, 40.320 y 40.480(3) del Código de Seguros, 26 L.P.R.A. secs. 4051, 4032 y 4048(3). A estos efectos, el 29 de septiembre de 1994 compareció de nuevo la Asociación de Garantía de Seguros Misceláneos mediante una moción en cumplimiento de orden para reiterar los planteamientos expuestos en la moción de sentencia sumaria. La parte demandante no compareció.

El 25 de mayo de 1995 el Tribunal de Primera Instancia, Sala Superior de Mayagüez, dictó una sentencia sumaria y desestimó la demanda por no haber presentado los demandantes la reclamación ante el Administrador Auxiliar de la I.Co.F. dentro del término dispuesto en ley. El archivo en autos de una copia de notificación de dicha sentencia se efectuó el 21 de junio de 1995.

Inconforme con tal dictamen, la parte demandante presentó su recurso de apelación ante el Tribunal de Circuito de Apelaciones. En él, adujo que incidió el tribunal de instancia en su aplicación literal al caso de autos de lo dispuesto por el Art. 40.010 del Código de Seguros, 26 L.P.R.A. sec. 4001, para desestimar la acción.

Tras varios trámites procesales y contando con la oposición de la Asociación, el Tribunal de Circuito de Apelaciones dictó la sentencia el 28 de abril de 1997 y confirmó aquella parte de la sentencia apelada que decretó la desestimación de la reclamación de los demandantes ante el foro judicial, esto sin perjuicio de que la referida acción continuara ante el Comisionado de Seguros en el foro administrativo. Por otro lado, el foro apelativo revocó aquella parte de la sentencia que desestimó las reclamaciones contra Héctor Allende y José Torres, y ordenó la devolución del caso al tribunal de instancia para la continuación de los procedimientos contra éstos en rebeldía. Razonó el tribunal apelativo que la reclamación incoada por la New York

Dept. Stores a favor de los demandantes ante el Administrador Auxiliar de la I.Co.F. conforme lo dispone el Art. 40.510 del Código de Seguros, *supra*, impedía a los demandantes continuar su reclamación contra la New York Dept. Stores ante el foro judicial. Indicó que tal actuación de la New York Dept. Stores, a su vez, beneficiaba a los demandantes, conforme lo dispone el Art. 40.350 del Código de Seguros, 26 L.P.R.A. sec. 4035, porque éstos podían continuar con su reclamación contra la New York Dept. Stores ante el foro administrativo, sin perjuicio de poder acudir en solicitud de revisión al tribunal de jurisdicción. Art. 40.360 del Código de Seguros, 26 L.P.R.A. sec. 4036.

De dicha sentencia del Tribunal de Circuito de Apelaciones acudió ante nos la parte demandante peticionaria para hacer el señalamiento de error siguiente:

> Incidió el Honorable Tribunal de Circuito de Apelaciones al confirmar la Sentencia del tribunal *a quo* desestimatoria de la demanda de los peticionarios al amparo de lo dispuesto por el Artículo 40.010 del *Código de Seguros* en un caso en el que en ningún momento fue parte litigiosa una aseguradora.

El 11 de julio de 1997 expedimos el recurso de *certiorari* solicitado. El 13 de agosto de 1997 la parte peticionaria presentó su alegato ante nos, y el 15 de octubre de 1997 lo hizo la parte recurrida.

Con el beneficio de sus respectivas comparecencias, pasamos a resolver.

## II

En síntesis, en su único señalamiento de error aduce la parte demandante peticionaria que incidió el Tribunal de Circuito de Apelaciones al confirmar la sentencia del tribunal de instancia, mediante la cual desestimó la demanda al amparo de lo dispuesto por el Art. 40.010 del Código de Seguros, *supra*. Sostiene que no procedía la desestimación de la demanda contra la New York Dept. Stores, porque la

parte demandante había optado por continuar su acción judicial únicamente contra dicha asegurada y no contra su aseguradora I.Co.F., la cual nunca fue parte litigiosa en el pleito. El error se cometió. Veamos.

## A. *La cuestión precisa ante nos*

■ Es menester señalar, de entrada, que no hay duda alguna en cuanto a lo que procedería en el caso de autos si la parte demandante hubiese instado su acción directamente contra la aseguradora, como bien pudo haberlo hecho, conforme lo dispuesto en el Art. 20.030 del Código de Seguros vigente, 26 L.P.R.A. sec. 2003.[2] Como se sabe, en Puerto Rico existe la causa de acción directa contra el asegurador. *Cortés Román v. E.L.A.*, 106 D.P.R. 504 (1977); *García v. Northern Assurance Co.*, 92 D.P.R. 245 (1965). Por ello, si los demandantes hubiesen incoado su acción contra I.Co.F., al haber sido declarada insolvente dicha aseguradora, no hubiese sido válido continuar entonces con dicha acción judicial. En tal caso, conforme resolvimos en *Intaco Equipment Corp. v. Arelis Const.*, 142 D.P.R. 648 (1997), la acción contra la compañía de seguros hubiese quedado paralizada y sujeta al procedimiento especial de liquidación establecido en el Cap. 40 del Código de Seguros, *supra*.

Sin embargo, la situación que tenemos ante nos es distinta a la identificada en el párrafo anterior. La que nos concierne aquí es aquella en la cual la parte demandante decide *no ejercer el derecho que tiene a una acción judicial directa contra la aseguradora* y opta, en su lugar, por demandar solamente al asegurado que causó el daño alegado. La cuestión concreta que nos concierne es si el procedi-

---

[2] La citada disposición sobre la acción directa aparece en el Cap. 20 del Código de Seguros de Puerto Rico, 26 L.P.R.A. secs. 2001–2004, que es el que trata concretamente con el *seguro contra accidentes*. Sin embargo, debe notarse que en el Art. 4.080 del Código, 26 L.P.R.A. sec. 408, se define qué abarca el seguro contra accidentes referido, y se incluyen doce tipos de seguros diversos. Es evidente que ello cubre seguros como el del caso de autos.

miento especial de liquidación aludido requiere que se desestime tal acción judicial contra el asegurado, luego de que su aseguradora queda sometida a dicho procedimiento.

◼ En otras palabras, debemos investigar si alguna disposición del Código de Seguros de Puerto Rico, de manera clara, priva a los demandantes en el caso de autos del fundamental derecho que establece el Art. 1802 del Código Civil de Puerto Rico, *supra*, en virtud del cual todo perjudicado puede reclamarle indemnización a aquel que le haya ocasionado daños culposa o negligentemente. La acción presentada en este caso por la parte demandante se origina en una norma genérica, que rige la responsabilidad extracontractual, que es una de las piedras angulares de nuestro ordenamiento jurídico y uno de los principios generales esenciales del Derecho moderno. J.L. Lacruz Berdejo, *Elementos de Derecho Civil*, Barcelona, Ed. Bosch, 1977, T. II, Vol. I, pág. 188; *Bonilla v. Chardón*, 118 D.P.R. 599 (1987); *Colón v. Romero Barceló*, 112 D.P.R. 573 (1982); *Reyes v. Sucn. Sánchez Soto*, 98 D.P.R. 305 (1970); *Pérez Escolar v. Collado*, 90 D.P.R. 806 (1964); *Hernández v. Fournier*, 80 D.P.R. 93 (1957). Se trata, pues, de un derecho que tiene la parte demandante, que sólo puede ser suprimido o desplazado mediante una clara y patente disposición de ley. Véanse: *Pérez Escolar v. Collado*, supra; *Travieso v. Del Toro y Travieso, Int.*, 74 D.P.R. 1009, 1026–1028 (1953); *Campis v. Pueblo*, 67 D.P.R. 393 (1947). ¿Existe tal disposición de ley en el Código de Seguros?

B. *Acciones civiles independientes*

◼ Para resolver la cuestión ante nos es necesario, antes que nada, dejar claramente establecido que la acción de un perjudicado contra el causante de sus daños es independiente, distinta y separada de su acción por los mismos hechos contra la compañía que asegura al referido causante de los daños. Ello surge de modo palmario de un

examen del historial de la aludida acción directa en nuestra jurisdicción.

Por muchas décadas, en nuestro ordenamiento jurídico no existía la acción directa contra una compañía de seguros por los daños ocasionados por el asegurado. Para que el reclamante en una acción de daños y perjuicios pudiese obtener una sentencia contra la compañía aseguradora, era necesario que éste hubiese obtenido antes una sentencia firme contra el asegurado o, al menos, que la aseguradora hubiese sido demandada *conjuntamente* con el asegurado. *Guerra v. Ortiz*, 71 D.P.R. 613 (1950); *Bithorn v. Santana*, 68 D.P.R. 300 (1948); *United States Casualty Co. v. Corte*, 66 D.P.R. 937 (1947).

La alternativa que tenía el reclamante, de demandar conjuntamente al causante del daño y a la compañía aseguradora, se estableció mediante el Art. 175 de la Ley de Seguros de Puerto Rico, Ley Núm. 66 de 16 de junio de 1921, según enmendada por la Ley Núm. 19 de 15 de abril de 1929, Leyes de Puerto Rico, pág. 161. Dicho artículo no creaba derecho sustantivo alguno. La acción contra la aseguradora era enteramente subsidiaria, ya que dependía del éxito de la causa de acción contra el asegurado, que también debía incoarse. La medida era un medio puramente procesal. "Su único propósito [era] evitar dos pleitos, uno contra el asegurado y al terminarlo con éxito, emprender otro contra la compañía aseguradora". *United States Casualty Co. v. Corte*, supra, pág. 939. Véanse: *García v. Northern Assurance Co.*, supra; *Autoridad de Fuentes Fluviales v. Irizarry*, 72 D.P.R. 644 (1951).

En 1952 se enmendó el referido Art. 175 de la Ley de Seguros de Puerto Rico para permitir que, cuando el causante de los daños estuviese asegurado, la acción para reclamar la indemnización que procediese se pudiera presentar contra la compañía aseguradora únicamente. Así se introdujo, por primera vez en nuestra jurisdicción, la llamada acción directa contra la aseguradora. *Pérez v. Ma-*

*ryland Casualty Co.*, 78 D.P.R. 475 (1955). El cambio efectuado en 1952, sin embargo, *no alteró la naturaleza esencialmente subsidiaria* de dicha acción directa contra la compañía aseguradora. La acción permitida por la enmienda de 1952 no alteraba el carácter puramente procesal del Art. 175 referido. La responsabilidad de la aseguradora continuaba dependiendo de la responsabilidad del asegurado. Aun cuando por su forma el pleito era únicamente contra la aseguradora, para que fuese exitoso todavía era necesario probar la responsabilidad del asegurado. *García v. Northern Assurance Co.*, supra; *Pérez v. Maryland*, supra; *Autoridad de Fuentes Fluviales v. Irizarry*, supra; *Landol v. Colón*, 78 D.P.R. 602 (1955).

En 1957, al aprobarse un nuevo Código de Seguros para Puerto Rico, la Asamblea Legislativa introdujo un nuevo cambio en la acción directa referida. Ésta quedó configurada como una acción judicial *distinta y separada de la acción civil contra el asegurado*. Esta nueva configuración la explicamos en *Trigo v. Travelers Ins. Co.*, 91 D.P.R. 868 (1965). Señalamos que los Arts. 20.010 y 20.030 del nuevo Código de Seguros, 26 L.P.R.A. secs. 2001 y 2003, respectivamente, no sólo creaban una acción directa contra la compañía aseguradora, sino que establecían "una responsabilidad sustantiva absoluta de parte del asegurador hacia un perjudicado cuando ocurre una pérdida cubierta por la póliza de seguro". *Trigo v. The Travelers Ins. Co.*, supra, págs. 874–875. Resolvimos allí que con las nuevas disposiciones de la Asamblea Legislativa se creaba "una causa de acción sustantiva y directa contra el asegurador bajo el contrato de seguro, en beneficio del perjudicado, independiente de la causa de acción contra el asegurado productor del daño", íd., pág. 877, y que con ella se había ido "mucho más lejos que meramente ofrecer un atrecho de tipo procesal a favor de aquellos perjudicados por actos de personas aseguradas". Íd., pág. 878. Un año más tarde, en *García v. Northern Assurance Co.*, supra, explicamos los alcances de

esta causa de acción directa y separada. Resolvimos que en la acción contra la compañía aseguradora, ésta estaba impedida de interponer a su favor las defensas personales o privativas del asegurado. Por ello, cuando para poder demandar al asegurado en determinada situación era indispensable notificar tal demanda dentro de un término fijo, la falta de la notificación aludida, aunque impedía la acción del perjudicado contra el asegurado, *no* impedía la acción directa de aquél contra la compañía aseguradora. A partir de 1957, pues, la causa de acción de un perjudicado contra una persona asegurada era claramente distinta, separada e independiente de su causa de acción por los mismos hechos contra la compañía aseguradora.

## B.   *Opción del reclamante*

En derecho es claro también que un perjudicado tiene la *opción* de incoar cualquiera de las dos causas de acción distintas, separadas e independientes a que tiene derecho cuando reclama de personas aseguradas.[3] No está obligado a demandar a la compañía aseguradora si opta por reclamarle sólo al asegurado. Tampoco está obligado a demandar al asegurado si opta por reclamarle sólo a la compañía aseguradora. Ello surge de modo palmario del propio texto del Art. 20.030 del Código de Seguros vigente, citado antes, que dispone, en lo pertinente, lo siguiente:

> (1) La persona que sufriere los daños y perjuicios tendrá, *a su opción*, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente ....
> (2) *Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive ... del derecho*

---

[3] Evidentemente el perjudicado en un caso de daños dispone también de una tercera opción: invocar conjuntamente ambas causas de acción. Puede, en una única demanda, incluir como demandados tanto al causante de los daños como a su asegurador.

*de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado.* (Énfasis suplido.)

Como puede observarse, se contempla indudablemente en dicho artículo que el perjudicado opte por demandar solamente al asegurado, sin que ello le impida posteriormente intentar cobrarle a la compañía aseguradora la sentencia que obtuvo antes contra el asegurado. Esa opción la validamos por primera vez en *Barrientos v. Gob. de la Capital*, 97 D.P.R. 552 (1969), y la discutimos en detalle en *Cortés Román v. E.L.A.*, supra, pág. 516, donde señalamos, *inter alia*, que:

> La responsabilidad sustantiva de parte del asegurador hacia un perjudicado reconocida en el Código de Seguros, en nada se hizo depender de otra acción instada contra el asegurado. ... *La independencia de las dos acciones que tiene disponibles un perjudicado* y el efecto que el *ejercicio de la opción* tiene sobre el posible éxito de su reclamación ha sido motivo de numerosas decisiones emitidas por este Tribunal. ...
>
> Podemos suponer que la *elección* hecha por un demandante al instar su reclamación determina los requisitos que vendrá obligado a cumplir y las defensas a que estará aquél sujeto. (Énfasis suplido y citas omitidas.)

## C. *El procedimiento especial de liquidación*

Habiéndose ya establecido que un perjudicado tiene derecho a demandar por daños y perjuicios únicamente a la parte que alegadamente le causó los daños en cuestión, aunque dicha parte esté asegurada, ¿debe desestimarse tal acción del perjudicado sólo porque la compañía aseguradora, que nunca fue demandada, advenga sujeta posteriormente al procedimiento especial de liquidación, según lo establecido en agosto 17 de 1991 como el nuevo Cap. 40 del Código de Seguros de Puerto Rico, *supra*?

La respuesta a la anterior interrogante es clara: nada en el Código de Seguros referido requiere que se desestime la acción civil independiente de un perjudicado, sólo

contra el asegurado causante de los daños reclamados, por el mero hecho de que se haya puesto en vigor el procedimiento aludido de liquidación. *Dicho procedimiento no excluye reclamaciones judiciales como las del caso de autos.* El hecho de que el propio asegurado haya remitido al liquidador la reclamación del perjudicado en su contra no da base para desestimar la acción judicial del perjudicado presentada únicamente contra el asegurado. Veamos.

■ Debe notarse inicialmente que en nuestras decisiones previas en las cuales nos hemos referido al aludido proceso de liquidación, aunque hemos reconocido que el Cap. 40 del Código de Seguros, *supra*, persigue establecer un solo procedimiento especial para atender la situación de una compañía de seguros insolvente, siempre hemos circunscrito el ámbito de tal procedimiento a reclamaciones judiciales o de otra índole *en contra de un asegurador.* Nunca hemos resuelto, o siquiera intimado, que el procedimiento especial de liquidación del referido Cap. 40 atañe también a reclamaciones de un perjudicado dirigidas únicamente contra el asegurado que causó los daños en cuestión. Véanse: *Intaco Equipment Corp. v. Arelis Const.*, supra; *Asoc. de Garantía v. Commonwealth Ins. Co.*, 114 D.P.R. 166 (1983); *Calderón, Etc. v. The Commonwealth Ins. Co.*, 111 D.P.R. 153 (1981).

■ Como hemos reconocido antes, el procedimiento del Cap. 40 del Código de Seguros, *supra*, es un mecanismo especial dirigido a proteger de la mejor manera posible los intereses de los asegurados, reclamantes y acreedores de cualquier compañía aseguradora cuya débil condición financiera la ponga en peligro de no poder atender todas sus obligaciones a cabalidad. Persigue concretamente la rehabilitación de la compañía aseguradora, y si ello no es posible, que se satisfagan las obligaciones de ésta de la manera más equitativa posible. 26 L.P.R.A. secs. 4001 y 4013. Una vez se entra en la etapa de liquidación, porque no se estimó posible la rehabilitación, el Comisionado de

Seguros de Puerto Rico queda designado como liquidador de la compañía aseguradora insolvente y adviene en posesión inmediata de los activos de ésta para administrarlos bajo la exclusiva supervisión general del foro judicial. 26 L.P.R.A. sec. 4015. A partir de ese momento *no puede presentarse separadamente ninguna acción judicial contra la compañía aseguradora ni mantenerse cualquier acción judicial contra ésta que estuviese pendiente o en curso antes de nombrarse el liquidador.* Por sus propios términos, esta prohibición atañe únicamente a las acciones judiciales *contra la compañía aseguradora.* 26 L.P.R.A. sec. 4021. No hay nada en las disposiciones pertinentes del Cap. 40 del Código de Seguros, *supra,* que siquiera intime que aun las acciones solamente contra el asegurado también quedan en suspenso.

Una vez emitida una orden judicial para iniciar los procedimientos para la liquidación de la compañía aseguradora insolvente, el liquidador tiene la obligación de notificar dicha orden a las personas y entidades interesadas, como lo serían, entre otros, los posibles reclamantes *incluyendo a los asegurados.* El tribunal con jurisdicción establecerá un período que no excederá de seis (6) meses a partir de la fecha de emisión de la orden de liquidación para que los reclamantes presenten sus reclamaciones ante el liquidador, juntamente con las pruebas correspondientes. 26 L.P.R.A. sec. 4019.

El Art. 40.350 del Código de Seguros, *supra,* hace claro que un *asegurado* puede presentar al liquidador una reclamación a favor de un tercero reclamante, *aunque éste no presente su propia reclamación.* Así el asegurado se protege para obtener de la liquidación el resarcimiento que proceda, en caso de que el tercero tenga éxito en su acción judicial contra dicho asegurado. El propio Art. 40.350 citado dispone para que el foro judicial que supervisa la liquidación acepte la reclamación aludida del asegurado

... tomando en consideración el resultado probable *de cualquier acción que esté pendiente contra el asegurado en la cual se base la reclamación*, los daños probables recobrables en la acción, y los costos y gastos probables en la defensa. (Énfasis suplido.) 20 L.P.R.A. sec. 4035(3).

El artículo referido dispone, además, que el liquidador retendrá los fondos correspondientes para el pago de la reclamación del asegurado en cuestión *"hasta conocer el resultado del litigio* o la negociación con el asegurado". (Énfasis suplido.) Íd. Entonces el liquidador le reembolsará al asegurado por lo que el tercero reclamante haya obtenido de éste, a base del porcentaje que sea equitativo; es decir, lo que corresponda proporcionalmente según otras reclamaciones de igual naturaleza presentadas al liquidador.

Lo dispuesto en el Art. 40.350 del Código de Seguros, *supra*, pues, no deja duda alguna de que un perjudicado puede mantener una acción judicial únicamente contra un asegurado, aunque su compañía aseguradora se encuentre en proceso de liquidación. En dicho artículo no sólo se contempla que el perjudicado pueda presentar su propia reclamación al liquidador, sino que también se contempla, en la alternativa, que sea el asegurado mismo quien la presente, si el perjudicado ha optado por sólo reclamarle judicialmente. En el primer caso, el perjudicado presenta su propia reclamación ante el liquidador como tercero reclamante. En el segundo caso, se le permite al asegurado presentar la reclamación del tercero reclamante, en cuyo caso se le reembolsará al asegurado lo que a prorrata le corresponda de lo que le haya tenido que pagar al perjudicado por razón del pleito de éste en su contra.

En el Art. 40.340 del Código de Seguros, 26 L.P.R.A. sec. 4034, también se tiene en cuenta que el perjudicado puede traer una acción judicial separada e independiente sólo contra el causante de un daño, aunque dicho causante esté asegurado por una compañía que luego advenga insolvente. En dicho artículo se identifican las reclamacio-

nes *especiales* que se permiten hacer al liquidador en casos de aseguradoras insolventes. Una de ellas es precisamente la de un tercero reclamante (perjudicado) que ha presentado al liquidador su reclamación condicionada a que dicho reclamante "obtenga primero una sentencia contra el asegurado". 26 L.P.R.A. sec. 4034. Dispone este artículo que dicha reclamación condicionada se permitirá, a pesar de haberse presentado sujeto a tal condición.

█ Finalmente, debe destacarse que en las disposiciones pertinentes del Código de Seguros de Puerto Rico, relativas a la Asociación de Garantía de Seguros Misceláneos de Puerto Rico, también se contempla que existirán acciones judiciales como las del caso de autos. La Asociación aludida fue creada por ley en 1991 para proveer un modo de pago para determinadas reclamaciones cubiertas por contratos de seguros antes de la determinación de insolvencia del asegurador. En lo relativo a esta Asociación, el Art. 38.180 del Código de Seguros, 26 L.P.R.A. sec. 3818, provee para la suspensión *temporera* de cualquier procedimiento en el cual el asegurador insolvente *sea parte* o venga obligado a defender a una parte ante un tribunal de Puerto Rico. Nótese que *no* se trata de una *prohibición* de acciones judiciales, sino de una *suspensión* por un corto período de tiempo. El propósito de dicha suspensión es precisamente *"para permitirle a la Asociación una defensa adecuada en todas las causas de acción pertinentes"*. (Énfasis suplido.) Íd. No está prescrita, pues, una acción como la de autos, sino que sólo se dispone su suspensión temporera, para permitirle a la Asociación prepararse para *"defender la reclamación en sus méritos"*. (Énfasis suplido.) Íd.

En resumen, pues, nada hay en el Código de Seguros de Puerto Rico que requiera concluir que el procedimiento de liquidación de compañías aseguradoras insolventes, establecido por dicho Código, requiere la desestimación de una acción civil separada e independiente de un perjudicado

solamente contra la persona que le causó los daños alegados, cuando dicho perjudicado ha optado por no referir dicha reclamación al liquidador. Por el contrario, el propio Código de Seguros vislumbra que tales acciones judiciales del perjudicado han de presentarse y pueden continuar su curso ordinario, aunque el asegurador de la parte demandada esté sometido al proceso de liquidación aludido. No hay, pues, disposición de ley que suprima o desplace el derecho de los demandantes a incoar la fundamental acción que provee el Art. 1802 de nuestro Código Civil, *supra.*

### III

Por los fundamentos expuestos, *se dictará sentencia para revocar la del Tribunal de Circuito de Apelaciones en el caso de autos de 28 de abril de 1997, y la del tribunal de instancia, en cuanto efectuaron la desestimación de la reclamación de los demandantes peticionarios contra la New York Dept. Stores. Se devolverá el caso al foro de instancia para que continúen los procedimientos allí conforme a lo aquí resuelto.*

Los Jueces Asociados Señores Hernández Denton y Corrada Del Río disintieron sin opinión escrita. El Juez Asociado Señor Negrón García no intervino.