ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CHARLIE CAR RENTAL, INC. H/N/C CC CAR SALES, INC. **DEMANDANTE APELANTE** V. **ASOCIACIÓN DE GARANTÍA DE SEGUROS MISCELÁNEOS; ASEGURADORA ABC; COMPAÑÍA DEF; Y COMPAÑÍA GHI** **DEMANDADOS APELADOS** | KLAN202400544 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de San Juan Caso Núm. SJ2020CV6039 Sobre: Sentencia declaratoria; incumplimiento de contrato y daños y perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece, Charlie Car Rental, Inc., H/N/C CCAR Sales, Inc., (en adelante, "la parte peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 30 de marzo de 2024 y notificada el 1 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro sentenciador declaró *Ha Lugar* la "*Moción de Sentencia Sumaria*" presentada por la Asociación de Garantía de Seguros Misceláneos, (en lo sucesivo, "Asociación"), y *No Ha Lugar* la "*Moción Sobre Estipulación de Hechos Pertinentes y Solicitud de Sentencia Sumaria,*" presentada por la parte apelante. En consecuencia, desestimó la "*Demanda*" de epígrafe.

Por los fundamentos que expondremos, revocamos la determinación recurrida.

**I.**

El 10 de noviembre de 2020, la parte apelante presentó la "*Demanda*" de epígrafe. En esencia, expuso que tenía a su favor una póliza de seguros expedida por National Insurance Company (en lo sucesivo, "National"). Expresó, que la referida aseguradora le ofreció servicios de representación legal y cubierta en el caso KDP2001-1595. No obstante, adujo que durante el trámite de dicho caso National fue liquidada. En consecuencia, la Asociación se subrogó en lugar de National a los fines alegados de proveerle una cubierta de seguro. Cónsono con lo anterior, arguyó que la Asociación quedó obligada a cumplir con el contrato suscrito entre ella y National. Por consiguiente, debía proveerle defensa legal y cubierta en la continuación del caso KDP2001-1595.

Ante la alegada negativa de la Asociación de cumplir con lo estipulado, en la presente demanda, la parte apelante entabló varias causas de acción. Dichas acciones fueron sobre incumplimiento de contrato, daños y perjuicios y sentencia declaratoria. Particularmente argumentó, que sufrió una serie de daños económicos, entre los cuales se encontraba el relevo de sentencia que tuvo que solicitar del dictamen de rebeldía emitido en el caso KDP2001-1595. En virtud de lo expuesto, peticionó que se declarara que la Asociación quedaba obligada a pagar cualquier cuantía, si alguna, luego de que finalmente se dictara sentencia en el caso KDP2001-1595. En la alternativa, solicitó que se estableciera mediante sentencia declaratoria que la Asociación estaba obligada a proveerle defensa legal y cubierta. Además, peticionó gastos legales y honorarios de abogado.

Posteriormente, el 6 de abril de 2021, la Asociación presentó una "*Contestación a Demanda*." En esencia, negó las alegaciones expuestas por la parte apelante, mediante las cuales esta última había planteado que era acreedora de defensa legal y cubierta. A tenor de ello, argumentó que dicha parte no solicitó la referida defensa legal y cubierta dentro del

término establecido en la orden de liquidación de National. Añadió, que la falta de presentación de una solicitud oportuna fue un hecho que se estipuló en el caso KAC2001-0451. A su vez, sostuvo que el liquidador de National no le refirió el caso KDP2001-1595 para defensa legal y cubierta. Además, planteó que solamente atendía las cubiertas que eran conformes a la póliza expedida en su origen y las disposiciones del Capítulo 38 del Código de Seguros de Puerto Rico, Ley Núm. 77 del 19 de junio de 1957, según enmendada, 26 LPRA sec. 2801-2820. Cónsono con lo anterior, expresó que la parte apelante no radicó un "formulario de comprobación de perdida," según lo dispuesto en el Capítulo 38 del Código de Seguros de Puerto Rico, *supra.*

De otra parte, adujo que no expedía pólizas de seguro. Por consiguiente, no podía responder por incumplimiento de contrato. Agregó, que tenía inmunidad ante reclamaciones de daños y perjuicios por el manejo de las reclamaciones, según lo dispuesto en el Artículo 38.170 del Código de Seguros de Puerto Rico, 26 LPRA sec. 3817. Finalmente, solicitó que se declarara *No Ha Lugar* la "*Demanda"* presentada. En consecuencia, que se ordenara a la parte apelante satisfacer el pago de costas, gastos y honorarios de abogado.

Luego de varios trámites procesales que no son necesarios de pormenorizar, el 18 de diciembre de 2023, la Asociación presentó una "*Moción de Sentencia Sumaria.*"[1] En síntesis, a tenor de la Regla 36. 2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2., expuso que en el presente pleito no existían hechos materiales en controversia. En consecuencia, solicitó la desestimación de la reclamación entablada por la parte apelante. Sostuvo su posición, bajo el planeamiento de que dicha parte nunca presentó el formulario sobre solicitud de defensa legal y cubierta. Por consiguiente, carece de una obligación en ley para brindarle la referida defensa y cubierta.

---

[1] La Asociación fundamentó la procedencia de su solicitud con la siguiente prueba documental: "*Resolución y Orden*" del 26 de octubre de 2011 en el caso KAC2011-0517; "*Minuta;*" documento intitulado "*Contestación a Interrogatorio y Producción de Documentos.*"

Argumentó, que la presentación de dicho formulario es compulsoria aun para los casos que se están ventilando a través de la vía judicial. Ello, conforme lo dispuesto en el Artículo 38.080 del Código de Seguros de Puerto Rico, 26 LPRA sec. 3808. Además, adujo que no estaba en controversia el hecho de que la parte apelante fue notificada de la orden de liquidación de National, conforme las propias disposiciones de la referida orden. Añadió, que independientemente de ello, el liquidador del Comisionado de Seguros es la persona a quien le corresponde la aludida notificación de liquidación.

En la misma fecha, la parte apelante presentó una "*Moción Sobre Estipulación de Hechos Pertinentes y Solicitud de Sentencia Sumaria.*"[2] En esencia, argumentó que no estaba en controversia que la Asociación retuvo los servicios legales que National le había provisto en el caso KDP2001-1595. Consecuentemente, le brindó defensa legal y cubierta en el referido caso. Sostuvo, que la Asociación le proveyó dichos servicios por el término de un (1) año después de emitida la orden de liquidación de National. Empero, según adujo, la Asociación se retractó de dichos servicios e instruyó a la representación legal asignada que renunciara a su defensa legal. Ante ello, alegó que la Asociación actuó en contra de sus propios actos. De igual modo, arguyó que no existía controversia sobre que la Asociación había tenido conocimiento de la reclamación judicial del caso KDP2001-1595. Ello, toda vez, que dicho caso se había radicado con anterioridad a la liquidación de National. Sostuvo, que el aludido conocimiento por parte de la Asociación hacía innecesario la alegada presentación de un formulario de reclamación administrativa.

---

[2] La parte apelante fundamentó la procedencia de su solicitud con la siguiente prueba documental: "*Moción Asumiendo Representación Legal y Solicitando Continuación de los Procedimientos*; "*Declaración Jurada*" suscrita por Yadira Rosario Rosario; Misiva dirigida al Sr. Michael Hoffman con fecha del 10 de abril de 2012; Misiva dirigida al Sr. Michael Hoffman con fecha del 13 de julio de 2012; Misiva dirigida al Sr. Michael Hoffman con fecha del 17 de septiembre de 2012; "*Notificación de Sentencia*" del caso KDP2001-1595; "*Declaración Jurada*" suscrita por José Martínez Ramos; "*Declaración Jurada*" suscrita por Michael Hoffman; "*Resolución*" del 12 de abril de 2012 del caso KDP2001-1595; "*Moción Solicitando Señalamiento de Vista Sobre el Estado de los Procedimientos*;" "*Moción en Cumplimiento de Orden*;" "*Moción Informativa y Sobre Solicitud de Extensión de Paralización de los Procedimientos*;" "*Minuta*;" "*Moción de Renuncia de Representación Legal*."

En reacción, el 6 de marzo de 2024, la Asociación presentó una "*Oposición a Moción de Sentencia Sumaria.*" En síntesis, reiteró sus anteriores planteamientos sobre que la parte apelante no notificó una oportuna solicitud de defensa legal y cubierta. Especificó, que dicha parte debió notificar el formulario en o antes del 25 de enero de 2012 o dentro de los noventa (90) días de dictada la "*Orden de Liquidación*" del 25 de octubre de 2011. Sostuvo, que el Capítulo 38 del Código de Seguros de Puerto Rico, *supra* establecía que entre las reclamaciones cubiertas no se encontraban aquellas radicadas posterior a la fecha límite provista en la "*Orden de Liquidación.*" Añadió, de que a pesar de que luego de la liquidación de National compareció en el caso KDP2001-1595, en la fecha de su comparecencia el término para presentar el formulario en cuestión había vencido. De otra parte, alegó que la doctrina de actos propios no era de aplicabilidad al presente caso, dado que, al ser el Capítulo 38 del Código de Seguros de Puerto Rico, *supra* una ley especial prevalece ante cualquier disposición de carácter general. Finalmente, solicitó la desestimación sumaria del pleito.

En la misma fecha, la parte apelante presentó una "*Oposición y Réplica a Solicitud de Sentencia Sumaria.*" Mediante esta reiteró sus planteamientos en cuanto a que la Asociación había actuado en contra de sus propios actos. Toda vez que compareció en el pleito KDP2001-1595 a los efectos de continuar proveyéndole defensa legal, y luego la representación legal designada presentó una renuncia. Agregó, que durante el tiempo en que se le facilitó dicha representación legal, la Asociación no le informó que no tenía derecho a cubierta y defensa legal. De igual modo, sostuvo que a pesar de que el 4 de junio de 2012, la representación legal designada, le informó al foro sentenciador que ninguna de las partes había presentado un formulario de comprobación de perdidas, no renunció a dicha representación legal hasta el 20 de noviembre de 2012. En virtud de lo expuesto, entre otras cosas, peticionó

que se dispusiera sumariamente del pleito. Consecuentemente que se declarara *Ha Lugar* la "*Demanda.*"

En atención a los escritos presentados, el 1 de abril de 2024, el foro sentenciador notificó la "*Sentencia*" que nos ocupa. Mediante esta declaró *Ha Lugar* la "*Moción de Sentencia Sumaria*" presentada por la Asociación y *No Ha Lugar* la "*Moción Sobre Estipulación de Hechos Pertinentes y Solicitud de Sentencia Sumaria*" presentada por la parte apelante. En consecuencia, desestimó la "*Demanda*" de epígrafe.

En dicha "*Sentencia*" esbozó las siguientes estipulaciones de hechos sobre las cuales no existía controversia:

1. El 28 de septiembre de 2001, Yolanda Bonano Hernández radicó la Demanda en el caso Civil Núm. KDP2001-1595.

2. En dicho caso (KDP2001-1595), Yolanda Bonano Hernández reclamó daños y perjuicios en contra de Charlie Car Rental por una alegada caída ocurrida en las instalaciones de venta de automóviles propiedad de Charlie Car Rental.

3. Para la fecha de la radicación de la Demanda antes referida, Charlie Car Rental, Inc. tenía una póliza de seguro vigente con la compañía National Insurance Company (en adelante "National").

4. National identificó la reclamación de Yolanda Bonano Hernández con el número 192491-LR. Según información y creencia, la aseguradora le asignó el caso al Lcdo. Eugenio Santori.

5. Posteriormente, la Lcda. Yadira Rosario Rosario manejó el caso civil número KDP2001-1595 en calidad de abogada de Charlie Car Rental continuamente, desde el 8 de marzo de 2005 hasta el 20 de noviembre de 2012. National entró a la rehabilitación para el 17 de mayo de 2011, según la Orden de Liquidación a la página 2, párrafo 1 en el caso civil KAC2011-0517.

6. Cuando National entró a la rehabilitación para el 17 de mayo de 2011, según la Orden de Liquidación a la página 2, párrafo 1, la licenciada Yadira Rosario Rosario continuaba representando a Charlie en el pleito KDP2001- 1595, por encomienda de National.

7. Para el 17 de mayo de 2011, la Asociación de Garantía de Seguros Misceláneos, ("Asociación de Garantía") no había recibido caso alguno del Liquidador de National, ya que National no se había liquidado aún, sino que estaba tratando de ser rehabilitada.

8. A la aseguradora National fue ordenada su liquidación el 25 de octubre de 2011, por el Tribunal de Primera Instancia en el caso del Comisionado de Seguros v. National Insurance Company, KAC2011-0517, mediante Orden emitida ese mismo día.

9. Esta Orden provocó la paralización de los procedimientos en el caso de Yolanda Bonano v. Charlie Car Rental, Inc., Civil Número KDP2001-1595.

10. Luego de la referida Liquidación de National, el Director de la Asociación de Garantía para esa época, el Sr. José Camacho Postigo, decidió que la Lcda. Yadira Rosario Rosario podía continuar atendiendo casos que National le había referido antes de la Liquidación, siempre y cuando esas reclamaciones fueran referidas a la Asociación de Garantía por el Liquidador, como casos que debían ser atendidos por la referida Asociación.

11. El 29 de marzo de 2012, la Lcda. Yadira Rosario Rosario presentó una "Moción Asumiendo Representación Legal y Solicitando Continuación de los Procedimientos" en el caso civil número KDP2001-1595. La moción tiene fecha del 23 de marzo de 2012.

12. En el párrafo primero de la moción la Lcda. Rosario Rosario expresa que: "1. La abogada que suscribe estará representando a la Asociación de Garantía de Seguros Misceláneos en el interés del codemandado CC Car Sales, Inc." En el párrafo quinto de esa moción se alega: "5. Que conforme a la orden de liquidación emitida en cuanto a National Insurance Company, la AGSM le ha encomendado a esta abogada la defensa del caso de epígrafe y por tanto podrán continuar los procedimientos de rigor en el caso."

13. Cuando la Lcda. Yadira Rosario Rosario radicó su moción de representación legal de Charlie Car Rental el 29 de marzo de 2012, ya había pasado el término para radicar el formulario de reclamación, según la propia Orden de Liquidación en el caso civil KAC2011-0517, en el párrafo 43, página 17.

14. Desde el 8 de marzo de 2005, durante la Orden de Liquidación el 25 de octubre de 2011 hasta la fecha del 25 de enero de 2012, fecha en que vencía la radicación del formulario de reclamación, la Lcda. Yadira Rosario Rosario era abogada de récord de Charlie Car Rental.

15. El 20 de noviembre de 2012, la Lcda. Yadira Rosario Rosario renunció a la representación legal de Charlie Car Rental.

16. La Lcda. Rosario Rosario informó en su moción de renuncia a representación legal que la última dirección conocida de Charlie Car Rental era el PO Box 9023708, San Juan, PR 00902-3708.

17. El PO Box 9023708, San Juan, PR 00902-3708 era la dirección de National.

18. Las subsiguientes notificaciones del Tribunal en el caso Civil Núm. KDP2001-1595 fueron dirigidas al PO Box 9023708, San Juan, PR 00902- 3708.

19. En el caso civil número KDP2001-1595, ni la demandante ni el asegurado, Charlie Car Rental, presentaron un formulario de comprobación de pérdida solicitando defensa y/o cubierta por parte de la Asociación de Garantía.

20. El periodo final para la presentación de un formulario de comprobación de pérdida era hasta el 25 de enero de 2012, según la Orden de Liquidación en el caso Civil Núm. KAC2011-0517 o tres meses desde el día 25 de octubre de 2011.

21. Mediante moción del 4 de junio de 2012, la Lcda. Yadira Rosario Rosario le informó al Tribunal que ninguna de las partes del pleito había presentado el formulario de comprobación de pérdida, sin embargo, en ese momento no renunció a la representación legal de Charlie Car Rental.

22. La Lcda. Yadira Rosario Rosario no le informó a Charle Car Rental, que no tenía derecho a defensa y cubierta antes de radicar su moción de renuncia de representación legal el 20 de noviembre de 2012.

23. No surge evidencia de que la Lcda. Yadira Rosario Rosario le informara a Charlie Car Rental que ella podía continuar la representación legal de esa entidad al costo de ésta.

24. Durante los años 2011 y 2012, Charlie Car Rental tenía abogado corporativo.

25. Durante los años 2011 y 2012, Charlie Car Rental tenía su corredor de seguros.

26. Los límites estatutarios de la Asociación de Garantía de Seguros Misceláneos son hasta $300,000.00 dólares por evento o reclamación o hasta un millón de dólares en el agregado bajo la póliza, por año póliza.

27. La Lcda. Yadira Rosario Rosario suscribió una declaración jurada el día 27 de enero de 2016.

28. Michael Hoffmann suscribió una contradeclaración jurada el 18 de marzo de 2016 a la declaración hecha por la Lcda. Yadira Rosario Rosario que fue anejo de una Oposición de Sentencia Sumaria en oposición a la Sentencia Sumaria radicada por la parte demandante en el caso civil KAC2015-0451

29. El PO Box 9023708, San Juan, PR 00902-3708 fue una dirección utilizada por la aseguradora National Insurance Company.

30. La Sentencia que fue notificada a CC Car Sales, Inc. (Charlie Car Rental, Inc.) en el caso civil número KDP2001-1595, según surge de la primera página de dicho documento, en donde se notifica el archivo en autos de la Sentencia, iba dirigida a CC Car Sales, Inc. al PO Box 9023708, San Juan, PR 00902-3708, dirección que era usada por National.

31. En la Orden de Liquidación del 25 de octubre de 2011, declarando a National insolvente en el Caso Civil KAC2011-0517, surge del párrafo 44, a la página 17 de la mencionada Orden, que el Liquidador es el que es ordenado a "publicar la institución del procedimiento de liquidación del Asegurador, mediante la publicación de un aviso regular, no tipo edicto, en tamaño legible, una vez por semana por tres (3) semanas consecutivas en dos (2) periódicos de circulación general en Puerto Rico."

32. Durante el proceso de liquidación de National, el liquidador publicó un anuncio en el periódico informando al público en general del término para presentar el formulario de reclamación según ordenado en la mencionada Orden de Liquidación.

33. Además, la Orden de Liquidación en su párrafo 44, a la página 17 de la mencionada Orden, ordena al Liquidador a publicar la institución del procedimiento de liquidación del asegurador en su página electrónica en el "Internet".

34. En el párrafo 45, a la página 17 de la mencionada Orden de Liquidación, se ordena al Liquidador a notificar, a tenor con el Artículo 40.190 del Código de Seguros, 26 LPRA, sec. 4019, "a todas las personas que tengan reclamaciones contra el caudal o activos del asegurador para que radique la reclamación en el procedimiento del asegurador en la dirección indicada en el formulario, diseñado y prescrito por el Liquidador para reclamar".

35. Del párrafo 46, página 17, de la mencionada Orden de Liquidación en el caso Civil KAC2011-0517, también se dispone que, "... entendiéndose que la notificación por el Aviso que habrá de publicar el Liquidador en los periódicos de circulación general y las declaraciones y las declaraciones y avisos que del proceso realice en la prensa el Liquidador, constituirá suficiente notificación a dichos reclamantes conocidos."

36. El juicio en sus méritos en el caso civil número KDP2001-1595 se llevó a cabo en el mes de noviembre del año 2022.

37. Antes de la Liquidación de National, la Lcda. Yadira Rosario Rosario, atendía casos de esta aseguradora. Luego de la referida Liquidación de National, el Director de la Asociación de Garantía para esa época, el Sr. José Camacho Póstigo, decidió que la Lcda. Yadira Rosario Rosario podía continuar atendiendo casos que National le había referido antes de la Liquidación siempre y cuando esas reclamaciones fueran referidas a la Asociación de Garantía por el Liquidador Oficial, como casos que deberían ser atendidos por la Asociación de Garantía.

38. Conforme las instrucciones de la Asociación de Garantía y posterior a la Orden de Liquidación (25 de octubre de 2011), la Lcda. Rosario Rosario continuó compareciendo en el caso civil número KDP2001-1595, a nombre de Charlie Car Rental mediante mociones radicadas los días 17 de enero de 2012, 28 de enero de 2012, 29 de marzo de 2012, 12 de abril de 2012, y 4 de junio de 2012, en espera de que la reclamación referida a la Asociación de Garantía por el Liquidador oficial, como un caso que debía ser atendido por la referida Asociación de Garantía.

39. Bajo ese entendimiento, la Lcda. Yadira Rosario Rosario continuó manejando el caso civil Núm. KDP2001-1595.

40. La demandante Yolanda Bonano Hernández presentó su Demanda (KDP2001-1595) mucho antes de que se ordenara la liquidación de National y durante ese pleito, se liquidó National, razón por la cual el caso se paralizó.

41. La Lcda. Yadira Rosario Rosario, tenía en el expediente legal del caso KDP2001-1595, la Orden de Liquidación de National desde que fue emitida y conocía en qué circunstancias se le podía dar defensa y cubierta a Charlie Car Rental desde por lo menos el 25 de octubre de 2011, pero no se lo informó. En la moción del 30 de mayo de 2012, la Lcda. Rosario Rosario le dice al Tribunal que se radicó moción informativa sobre la orden de Liquidación.

42. La Lcda. Yadira Rosario Rosario sabía cuál era el término final que tenía Charlie Car Rental para radicar su formulario de reclamación desde que tuvo la Orden de Liquidación en sus manos y le informó al Tribunal mediante una moción de junio del año 2012 que ninguna parte había presentado el mencionado formulario en tiempo. En la moción del 30 de mayo de 2012, la Lcda. Rosario Rosario le dice al Tribunal que se radicó moción informativa sobre la orden de liquidación.

43. Charlie Car Rental era asegurado de National Insurance antes de su Liquidación.

44. En el párrafo 51, página 19 de la Orden de Liquidación, se ordena "a toda persona que tenga una reclamación contra el Asegurador, que radique su reclamación en el procedimiento de liquidación instituido contra el Asegurador. La reclamación tiene que radicarse en los formularios diseñados por el Liquidador dentro del periodo establecido en la Orden de Liquidación o en cualquier enmienda extendiendo ese periodo. La reclamación con la evidencia debe hacerse, aunque el reclamante lo haya hecho

antes cuando el Asegurador estaba operando. De no reclamarse o presentarse las debidas pruebas en el periodo indicado, se considera que el derecho a reclamar fue abandonado".

45. La Asociación de Garantía no emitió póliza alguna a favor de Charlie Car Rental.

46. Charlie Car Rental ni la demandante, Yolanda Bonano Hernández, radicaron un formulario de reclamación.

A su vez, expuso los siguientes hechos sobre los cuales no existía controversia:

1. De los párrafos 44, 45 y 46 de la Orden de Liquidación KAC2011-0517 se expone que, se ordena al Liquidador a notificar la Orden de Liquidación a los reclamantes conocidos y no conocidos, y por la precaria condición económica de National, la notificación de Liquidador en los periódicos de circulación general y las declaraciones y aviso que del proceso en la prensa hace el Liquidador constituirá suficiente notificación.

2. En la Orden de Liquidación no se ordena a la Asociación de Garantía a notificarle a ningún reclamante asegurado o no asegurado con la referida orden.

3. La oficina del Liquidador de National Insurance Company no ha referido caso alguno a la Asociación de Garantía relacionado al caso KDP2001-1595.

4. El Liquidador Auxiliar de National Insurance Company es un ente distinto y separado a la Asociación de Garantía.

5. Charlie Car Rental no demandó al Liquidador Auxiliar de National Insurance Company en el pleito de epígrafe.

Inconforme, el 16 de abril de 2024, la parte apelante de forma oportuna presentó una "*Solicitud de Reconsideración.*" En respuesta, el 2 de mayo de 2024, el foro sentenciador notificó que declaraba *No Ha Lugar* dicha solicitud. Aun inconforme, el 3 de junio de 2024, la parte apelante presentó ante nos una *"Apelación."* Mediante esta, esbozó los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al descartar las acciones de la Asociación de Garantía bajo la doctrina de Actos Propios, al esta otorgar cubierta y representación legal a la parte Apelante luego de liquidada la compañía National Insurance Company.

2. Erró el Tribunal de Primera Instancia al adjudicar en la sentencia, determinaciones de hecho que en ningún momento fueron estipuladas por la Parte Demandante, que el Honorable Tribunal considera están libre de controversia y de lo cual diferimos.

3. Erró el Tribunal de Primera Instancia al decretar que la orden de liquidación de National Insurance Company fue notificada adecuadamente y a tono con las disposiciones del Código de Seguros de Puerto Rico a la Parte Apelante.

4. Erró el Tribunal de Primera Instancia al no distinguir las circunstancias particulares del caso de autos de aquellas planteadas en Rodríguez v. Longhorn, al adjudicar total valor probatorio a la falta de radicación de un formulario de Reclamación de Daños, sin razonablemente considerar la responsabilidad y participación directa de la Asociación de Garantía de Seguros Misceláneos y la representación legal asignada por esta a la Parte Demandante en dicho incumplimiento.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del caso que nos ocupa.

**II.**

**A.    Sentencia Sumaria:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento que debe seguir la parte promovente de una solicitud de sentencia sumaria. A tales efectos establece que una solicitud deberá incluir (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap.

V., R. 36.3; *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *SLG Zapata Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).

De otro lado, la parte que se oponga a que se dicte sentencia sumaria está obligada a contestar la solicitud de forma detallada. *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010). Para ello, deberá cumplir con los mismos requisitos con los que tiene que cumplir el promovente, pero, además, su solicitud deberá contener: (1) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, (2) con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. 32 LPRA Ap. V, R. 36.3 (b) (2). Es decir, el promovido no puede descansar en meras alegaciones y afirmaciones. *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120, pág. 9, 212 DPR ___ (2023). Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. *SLG Zapata Berríos v. JF Montalvo, supra*; *Ramos Pérez v. Univisión, supra*, pág. 215. De incumplir con ello, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho. *León Torres v. Rivera, supra*, pág. 44; *SLG Zapata-Rivera v. J.F. Montalvo, supra.*

No obstante, aun en ausencia de prueba que controvierta la evidencia presentada por la parte promovente, esto no significa que procederá la moción de sentencia sumaria automáticamente, pues el tribunal no está obligado a resolver a favor del promovente. Se resolverá a favor de este si el juzgador "queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria". *Mun. de Añasco v. ASES et al*, 188 DPR 307, 327 (2013)

(énfasis suplido). Véase, además, *Fernández Martínez v. RAD-MAN SJ, LLC*, 208 DPR 310, 337 (2021); *Jusino Figueroa v. Walgreens of San Patricio*, 155 DPR 560, 578 (2001); *Piovanetti García v. Touma*, 178 DPR 745, 774 (2010).

Si la parte quien se opone a la solicitud de sentencia sumaria utiliza declaraciones juradas como su mecanismo para admitir prueba, estas se basarán en el conocimiento personal del o la declarante, además que contendrán hechos que sean admisibles y demuestren que el o la declarante está cualificado para testificar. 32 LPRA Ap. V, R. 36.5. Por otra parte, la Regla 36.6 establece que:

Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa. 32 LPRA Ap. V, R. 36.6.

En suma, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA, supra*, pág. 941. Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de

todo litigante a su día en corte. *Ramos Pérez v. Univisión, supra*, pág. 216 (énfasis suplido).

Igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, supra, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nos toca analizar los documentos que acompañan la moción que solicita la sentencia sumaria y los documentos incluidos con la moción en oposición, y aquéllos que obren en el expediente del Tribunal; con el fin de determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 193 (2000). Si de los documentos surge duda sobre la existencia de una controversia de hechos, éstas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que el Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004). En fin, nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó

correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

**B.    El Negocio de Seguros y la liquidación de una aseguradora insolvente.**

En los contratos de seguro permea un alto interés público debido a su importancia, complejidad y efecto en la economía y la sociedad. *Barreto Nieves y otros v. East Coast Water Sports, LLC y otra,* 2024 TSPR 40; *Maderas Tratadas v. Sun. Alliance et al.*, 185 DPR 880, 896 (2012). Este tipo de relación contractual se puede definir como "un acuerdo entre una parte denominada asegurador y otra parte llamada asegurado en donde el primero, a cambio de una contraprestación, se obliga a indemnizar al segundo o a proveerle un beneficio específico o determinable en caso de producirse un hecho incierto, pero previsto en el acuerdo. *Barreto Nieves y otros v. East Coast Water Sports, LLC y otra,* supra. En otras palabras, la industria de seguros permite a las personas y negocios proteger sus recursos al realizar el pago de una prima a cambio de transferir el impacto monetario de ciertos riesgos. *Maderas Tratadas v. Sun. Alliance et al.,* supra, pág. 897. Cabe señalar que el negocio de seguros está ampliamente regulado por el Código de Seguros de Puerto Rico, Ley Núm. 77 del 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 et seq., y de manera supletoria por las disposiciones del Código Civil. *Serrano Picón v. Multinational Life Ins.,* 212 DPR 981, 989 (2023).

En lo atinente, cuando una compañía de seguros queda insolvente y sin posibilidad de rehabilitación, el Código de Seguros faculta al Comisionado de Seguros a peticionar del Tribunal de Primera Instancia una orden que le autorice liquidar la aseguradora insolvente. Artículo 40.140 del Código de Seguros de Puerto Rico, 26 LPRA sec. 4014; *Rodríguez Quiñones v. Longhorn Steakhouse*, 202 DPR 158, 162 (2019). El proceso de liquidación de una aseguradora insolvente es de naturaleza estatutaria, por lo cual la autoridad de los tribunales está limitada por el estatuto que regula el referido proceso. Entiéndase, el Código de Seguros de Puerto Rico. Véase, *San José Realty, S.E. v. El Fénix de PR*, 157 DPR

427, 438 (2002). El aludido procedimiento de liquidación se inicia en el momento en que el tribunal competente emite la *orden de liquidación*. *Rodríguez Quiñones v. Longhorn Steakhouse*, supra, pág. 162

En dicha orden se designa al Comisionado de Seguros como el liquidador de la aseguradora insolvente. A su vez, se le autoriza a tomar posesión inmediata de los activos del asegurador para administrarlos bajo la supervisión del Tribunal. Artículo 40.150 del Código de Seguros, 26 LPRA sec. 4015; *Rodríguez Quiñones v. Longhorn Steakhouse*, supra, pág. 162ñ. A partir de la fecha en que se determinó la insolvencia, todos los procedimientos donde el asegurador insolvente sea parte o venga obligado a defender a una parte ante un Tribunal de Puerto Rico se paralizaran temporeramente. Dicha paralización será por un término de hasta seis (6) meses mas el tiempo adicional que el tribunal conceda. Artículo 38.180 del Código de Seguros de Puerto Rico, 26 LPRA sec. 3818.

Cabe destacar que el proceso de rehabilitación y liquidación que establece el Artículo 40 del Código de Seguros de Puerto Rico, 26 LPRA sec. 4001-4054 es uno de carácter especial. Toda vez que, tiene como objetivo la protección de los intereses de los asegurados, reclamantes y acreedores de la aseguradora, cuya condición financiera ha puesto en peligro la atención cabal de todas sus obligaciones. *Ruiz v. New York Dept. Stores*, 146 DPR 353, 369 (1998). El liquidador tiene la obligación de notificar la orden de liquidación a toda persona que se conozca tenga o que razonablemente se espera pueda tener, reclamaciones contra el asegurador, incluyendo a todos los tenedores de pólizas. Artículo 40.190 del Código de Seguros de Puerto Rico, 26 LPRA sec. 4019 (1)(d); Véase, *San José Realty, S.E. v. El Fénix de PR*, supra, pág. 438; *Ruiz v. New York Dept. Stores,* supra, pág. 370.

**C.     Asociación de Garantía de Seguros Misceláneos**:

La Asociación de Garantía de Seguros Misceláneos fue creada en virtud de ley a los efectos de proveer un modo de pago para

determinadas reclamaciones cubiertas por contratos de seguros antes de la determinación de insolvencia de una aseguradora. *Ruiz v. New York Dept. Stores*, supra, pág. 372. En la actualidad, la aludida asociación se encuentra regulada en el Capítulo 38 del Código de Seguros, *supra*, mediante disposiciones únicamente aplicables a los casos que está llamada a intervenir. *San José Realty, S.E. v. El Fénix de PR*, supra, pág. 439. El propósito creacional de esta Asociación estriba en establecer un mecanismo de pago para las reclamaciones cubiertas, "con el fin de evitar excesivas dilaciones en el pago, evitar perdidas financieras a los reclamantes o tenedores de pólizas como resultado de la insolvencia de un asegurador, ayudar a detectar y prevenir la insolvencia de aseguradores y establecer una asociación que distribuya el costo de esta protección entre los aseguradores mediante la imposición de derramas." Artículo 38.020, 26 LPRA sec. 3802; *Montañez v. U.P.R.*, 156 DPR 395, 408 (2002). Es importante destacar que el Capítulo 38 del Código de Seguros, *supra* se interpretará liberalmente para lograr el precitado propósito. Véase, el Artículo 38.040, 26 LPRA sec. 3804; *Montañez v. U.P.R.*, supra, pág. 408.

**D.      Doctrina de Actos Propios**:

"[L]a conducta contradictoria no tiene lugar en el campo del Derecho, y debe ser impedida." *Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 287 (2021). Ante ello, como corolario del principio de buena fe, se ha reconocido la norma de que a nadie es lícito ir ni obrar contra sus propios actos. *Carmona Sánchez y otros v. Baloncesto Superior Nacional y otros*, 2024 TSPR 65; *Aponte Valentín et al. v. Pfizer Pharm.*, supra, pág. 287. Mediante la doctrina de Actos Propios "se protege la confianza depositada en estos actos, el interés social y la consecución de un ideal de justicia." *Carmona Sánchez y otros v. Baloncesto Superior Nacional y otros*, supra; *Alonso Piñero v. UNDARE, Inc.,* 199 DPR 32, 55 (2017). Los elementos constitutivos de la doctrina de Actos Propios son los siguientes:

(a)     Una conducta determinada de un sujeto;
(b)     que haya engendrado una situación contraria a la realidad, esto es, aparente y mediante tal apariencia, susceptible de influir en la conducta de los demás;
(c)     y que sea base de la confianza de otra parte que haya procedido de buena fe y que, por ello, haya obrado de una manera que le causaría un perjuicio si su confianza quedara defraudada. *Carmona Sánchez y otros v. Baloncesto Superior Nacional y otros*, supra.

**III.**

En esencia, la parte apelante argumenta que luego de la liquidación de National, la Asociación retuvo la representación legal que National le había provisto. De esta manera, la Asociación continuó representándole en el caso KDP2001-1595. Por lo cual, sostiene que la Asociación actuó en contra de sus propios actos al desistir de la defensa y cubierta que le había extendido. A su vez, plantea que incidió el foro sentenciador al interpretar la "*Orden de Liquidación.*" Toda vez que, no tomó en consideración lo expuesto en relación con la notificación directa que se debía realizar a los reclamantes conocidos de conformidad con el Artículo 40.190(d) del Código de Seguros de Puerto Rico, 26 LPRA sec. 4019(d). Ante ello, entiende que existe controversia sobre la determinación uno (1) y tres (3) esbozada por el tribunal de instancia.

Añade, que la Asociación parte de la premisa incorrecta de que la "*Orden de Liquidación*" se debía notificar a los reclamantes conocidos mediante el mismo método de publicación en los periódicos que se utilizaron para notificar al público en general. De otra parte, sostiene que el caso de *Rodríguez Quiñones v. Longhorn Steakhouse*, supra, no contempla las mismas circunstancias del caso de epígrafe. Particularizó, que en el referido caso la Asociación no tenía conocimiento de la reclamación judicial de daños. Ello, distinto a lo acontecido en el presente pleito.

Por su parte, la Asociación presenta argumentos sobre la inaplicabilidad de la doctrina de Actos Propios. Sostiene que dicha doctrina no es susceptible de evaluación por la vía sumaria, dado que contiene elementos de intención relacionados a la buena fe. Además, alega que la doctrina de Actos Propios es un principio general del

derecho. Por consiguiente, cede ante una legislación especial como lo serían las disposiciones contenidas en el Código de Seguros de Puerto Rico. A su vez, arguye que no surge de la "*Orden de Liquidación*" un requerimiento sobre que debía notificarle sus dichos a la parte apelante. Plantea, que el liquidador era la persona que tenía el deber de notificar la aludida orden. De otra parte, contrario a lo aducido por la parte apelante, sostiene que de la "*Orden de Liquidación*" se desprende que la publicación de dicha orden en los periódicos de circulación general será suficiente notificación para los reclamantes conocidos.

Finalmente, argumenta que la parte Apelante no presentó el formulario de reclamación en o antes del 25 de enero de 2012, según establecía la "*Orden de Liquidación*." Por consiguiente, sostiene que dicha parte no es acreedora de defensa legal y cubierta. Fundamenta su planteamiento bajo las palabras que esbozó nuestro más Alto Foro en el caso de *Rodríguez Quiñones v. Longhorn Steakhouse*, supra. Mediante las cuales se resaltó la importancia trascendental de la presentación oportuna y adecuada del formulario de reclamación.

Luego de evaluados los argumentos de las partes y de realizar una revisión de *novo* del expediente ante nos, determinamos que no existen hechos esenciales en controversia que impidan la disposición sumaria del asunto. No está en controversia que la parte apelante estaba asegurada por National durante la dilucidación del caso KDP2001-1595. De igual forma, es un hecho incontrovertido que para dicho pleito National le otorgó a la parte apelante defensa legal y cubierta. Tampoco está en controversia que durante el transcurso del litigio National fue liquidada y se paralizaron los procedimientos. Asimismo, es un hecho no controvertido que la Asociación le brindó a la parte apelante defensa legal y cubierta en el referido caso KDP2001-1595. Dicha representación legal fue asumida por la Asociación en fecha del 29 de marzo de 2012, mediante moción presentada ante el tribunal de instancia. En la referida

moción se esbozó que la defensa provista era de conformidad con la "*Orden de Liquidación*" y se solicitó la continuación de los procedimientos.

De igual manera, no está en controversia que el 4 de junio de 2012 la representación legal provista por la Asociación notificó al tribunal que ninguna de las partes había presentado un formulario de reclamación. Sin embargo, en ese momento dicha representación legal no presentó renuncia. También son hechos incontrovertidos que la representación legal designada por la Asociación renunció el 20 de noviembre de 2012 al caso KDP2001-1595, y que la parte apelante no radicó formulario de reclamación alguno. Cabe señalar, que ambas partes presentaron solicitudes de sentencia sumaria en las cuales exponían la ausencia de hechos materiales en controversia. Asimismo, llevaron a cabo estipulaciones de hechos. Por lo cual, solo nos resta aplicar el derecho al asunto que nos ocupa.

Según fue expuesto, la Asociación compareció al pleito KDP2001-1595 y le proveyó a la parte apelante defensa legal y cubierta. Dicho actuar de la Asociación se efectuó por un periodo de aproximadamente ocho (8) meses. En el referido periodo no le requirió a la parte apelante la presentación de un formulario de reclamación. Posteriormente, se retractó de su proceder y por conducto de la representación legal asignada renunció al caso. Esta conducta de la Asociación trasciende los límites de la concordancia y desprende una actuación contradictoria. A su vez trastoca la confianza que depositó la parte apelante en su comparecencia al pleito KDP2001-1595. Mediante dicha confianza, la parte apelante creó la certeza de que era acreedora de defensa y cubierta. Por lo cual, la Asociación actuó en contra de sus propios actos. Además, señalamos que este principio general de derecho no es incompatible con el Código de Seguros. Toda vez que, no existe alguna disposición en dicha ley especial que impida la aplicación de la doctrina de los Actos Propios.

El segundo y tercer error están relacionados con la notificación de la "*Orden de Liquidación*." Se desprende de los hechos estipulados que la

"*Orden de Liquidación*" se notificó en periódicos de circulación general y en la página electrónica de National. No obstante, no surge del expediente ante nos una notificación directa a la parte apelante de dicha orden como reclamante conocido. Ello, de conformidad al Artículo 40.190, *supra* y al párrafo cuarenta y cinco (45) de la referida orden.[3] De otra parte, también es cierto que la "*Orden de Liquidación*" incluye un párrafo en el que establece que los avisos de prensa y publicaciones de periódicos de circulación general serán suficiente notificación para los reclamantes conocidos.

Así pues, de manera expresa se establece que las comunicaciones a la comunidad en general también podían ser un método de notificación para dichos reclamantes conocidos. Ello, no es incompatible con el Código de Seguros. En virtud del cual se otorga discreción al tribunal supervisor para emitir ordenes relacionadas a la notificación de una orden de liquidación. Por lo cual, la presente "*Orden de Liquidación*" incluía varios mecanismos a través de los cuales tanto la comunidad en general y los reclamantes conocidos y no conocidos podían tomar conocimiento de la liquidación de National.[4] Ante ello, el segundo y tercer error no fueron cometidos.

Independientemente de la corrección de la notificación de la "*Orden de Liquidación*," la Asociación tenía conocimiento de la existencia de la reclamación KDP2001-1595. A su vez, realizó el acto afirmativo de comparecer al aludido pleito y proveer defensa legal y cubierta a la parte apelante. Precisa destacar que la presentación de un formulario de reclamación está cimentada en que la Asociación conozca cuales son los pleitos en los que debe comparecer por la aseguradora insolvente. De esa misma forma lo establece el caso *Rodríguez Quiñones v. Longhorn Steakhouse*, supra, pág. 165, en su exposición doctrinal. En los hechos que nos ocupan, la Asociación logró obtener el conocimiento que

---

[3] Véase, Estipulación de hechos #34 de la "*Sentencia*" recurrida, pág. 359-372 del "*Índice del Apéndice.*"

[4] Véase, Estipulación de hechos #35 de la "*Sentencia*" recurrida, pág. 359-372 del "*Índice del Apéndice.*"

promueve el formulario de reclamación, aun sin la presentación de formulario alguno por la parte apelante. Ante ello, el caso KDP2001-1595 era una de las reclamaciones judiciales que la Asociación tenía el conocimiento de que debía comparecer en lugar de National. Su comparecencia a los fines de solicitar la continuación de los procedimientos así lo demostró.

De otra parte, es meritorio señalar que la cuestión litigiosa en el caso *Rodríguez Quiñones v. Longhorn Steakhouse*, supra es distinta a la presente controversia. En el aludido caso, el Tribunal Supremo tuvo la oportunidad de expresarse sobre la desestimación de un pleito judicial contra una aseguradora insolvente. En dichos hechos el Comisionado de Seguros había solicitado tanto la desestimación como la paralización del pleito. Esto, a los efectos de permitirle a la Asociación comparecer para representar los intereses de la aseguradora insolvente. Así pues, en el referido caso no se dilucidó la cuestión del conocimiento de la Asociación sobre un pleito pendiente. Tampoco se disputó la comparecencia de la Asociación a una reclamación judicial en lugar de una aseguradora insolvente, a los fines de proveerle defensa y cubierta a su asegurado. En ese sentido, existe discrepancia entre las circunstancias particulares de ambos casos. Por lo cual, el cuarto error no fue cometido.

Finalmente, cabe señalar que el propósito creacional de la Asociación incluye el evitar pérdidas financieras a los reclamantes o tenedores de pólizas como resultado de la insolvencia de una aseguradora. De igual modo, las disposiciones del Código de Seguros en cuanto a la figura de la Asociación se deben interpretar liberalmente. Ante ello, y de conformidad con lo expuesto, determinamos que la parte apelante es acreedora de defensa legal y cubierta en el caso KDP2001-1595.[5] Por lo cual, no procede la desestimación de la "*Demanda*" de epígrafe.

---

[5] Señalamos, que el 9 de noviembre de 2023, el tribunal de instancia notificó una "*Sentencia*" en el caso KDP2001-1595 en contra de la parte apelante. El 6 de junio de 2024, dicha "*Sentencia*" fue confirmada por este Foro. En la actualidad, la controversia está ante la consideración del Tribunal Supremo de Puerto Rico.

**IV.**

Por los fundamentos expuestos, *revocamos* la "*Sentencia*" recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones