Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| BLANCA RIVERA FERNÁNDEZ<br>Apelante<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE;<br>CITY VIEW PLAZA, LLC; WAFRA,<br>INC.; COMPAÑÍA X;<br>ASEGURADORAS 1-10;<br>CORPORACIONES 1-10;<br>DEMANDADOS DESCONOCIDOS<br>1-10<br>Apelados | KLAN202500126 | *Apelación*<br>procedente del<br>Tribunal de<br>Primera Instancia,<br>Sala de Bayamón<br><br>Caso Núm.<br>BY2024CV03996<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2025.

Comparece la Sra. Blanca Rivera Fernández (señora Rivera Fernández o apelante), solicitando que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI o foro primario), el 14 de enero de 2025[1]. Mediante su dictamen el foro primario desestimó **con perjuicio** la causa de acción instada por la señora Rivera Fernández contra el codemandado de epígrafe, WAFRA, Inc. (Wafra o parte apelada). Al así decidir el TPI determinó que: 1) la apelante no había emplazado a Wafra dentro del término jurisdiccional de ciento veinte días dispuesto por la Regla 4.3 (c) de Procedimiento Civil, *infra*; 2) la apelante había optado por ejercer la acción directa contra la aseguradora, Liberty Mutual Insurance, (la Aseguradora), por lo que procedía la desestimación con perjuicio.

_____
[1] Notificada el 15 de enero de 2025.

NÚMERO IDENTIFICADOR

SEN2025_____

Examinados los asuntos de derechos alzados, hemos decidido *modificar* el dictamen apelado, a los solos fines resolver que la desestimación de la causa de acción instada contra Wafra debió de ser *sin perjuicio.*

## I. Resumen del tracto procesal

El 9 de julio de 2024, la apelante presentó una *Demanda* contra WAFRA, Inc., City View Plaza, LLC., y su aseguradora Liberty Mutual Insurance. Alegó en esta que, mientras se encontraba en las facilidades de las demandadas, sufrió una caída aparatosa, debido a un escalón imperceptible —para la cual no se ofrecía advertencia al respecto— lo que le provocó extensos tratamientos médicos. En consecuencia, solicitó ser indemnizada.

En lo que nos concierne, en la *Demanda* se alegó que Wafra era el administrador, dueño y/o encargado del mantenimiento del lugar donde aconteció el accidente.

Tras varios incidentes procesales, el 12 de noviembre de 2024, el TPI *motu proprio* emitió una *Sentencia* desestimatoria de la *Demanda,* sin perjuicio. En este dictamen se hizo constar que la señora Rivera Fernández había emplazado a los codemandados City View Plaza y Liberty Mutual Insurance, pero no a Wafra. Ante ello, el foro primario identificó sendas razones para ordenar la desestimación de la *Demanda*: 1) que la señora Rivera Fernández no había acreditado el diligenciamiento del emplazamiento a Wafra dentro del término de ciento veinte días provisto por la Regla 4(c) de Procedimiento Civil, *infra*; 2) las alegaciones contenidas en la *Demanda* revelaban que Wafra era una parte indispensable, sin cuya presencia no se podía continuar los procesos.

Al discrepar de lo decidido por tribunal *a quo* en la referida *Sentencia,* la señora Rivera Fernández presentó una oportuna *Moción en Solicitud de Reconsideración.* Esgrimió como causa para reconsiderar que, por cuanto

en nuestra jurisdicción la parte demandante puede entablar una causa de acción directa contra el asegurador, sin necesidad de incluir al asegurado causante del daño como parte, no correspondía identificar al asegurado, en este caso Wafra, como parte indispensable. Es decir, que la señora Rivera Fernández tenía la opción de continuar la causa de acción solamente contra la Aseguradora, que fue debidamente emplazada, excluyendo a Wafra como codemandada, sin que se considerase a esta última como parte indispensable. Finalizó su moción la apelante aseverando que la falta de emplazamiento de Wafra en cualquier caso lo que daría lugar sería a la desestimación parcial **sin perjuicio** de la causa de acción presentada en su contra, *pues se había optado por ejercer la acción directa reconocida y permitida por nuestro ordenamiento* contra la Aseguradora[2]. (Énfasis provisto).

En respuesta, el foro primario emitió una *Resolución y Orden* el 14 de enero de 2025, determinando lo siguiente: 1) *Ha Lugar a Moción en Solicitud de Reconsideración. En consecuencia, se deja sin efecto la Sentencia notificada el 12 de noviembre de 2024, y se ordena la continuación de los procedimientos*; 2) no obstante, y con relación al inciso #16 de la petición de reconsideración, se desestima **con perjuicio** [la] causa de acción instada contra Wafra, Inc.[3] (Énfasis provisto).

Ese mismo día, entiéndase el 14 de enero de 2025, y en correspondencia con lo resuelto en la *Resolución y Orden* aludida, el foro primario emitió la *Sentencia Parcial* cuya revocación se nos solicita. En síntesis, el TPI desestimó ***con perjuicio*** la causa de acción instada contra Wafra, Inc. por: 1) haber expirado el término de ciento veinte días que concede la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V., sin que se hubiese acreditado el emplazamiento de esta; 2) *y toda vez que la parte*

---

[2] Apéndice del recurso de apelación, pág. 28.
[3] Apéndice del recurso de apelación, pág. 3.

*demandante optó por ejercer la causa de acción directa contra la aseguradora[4].*

Inconforme, la señora Rivera Fernández presentó una segunda *Moción en Solicitud de Reconsideración.* Esta vez, peticionó que se concediera un desistimiento parcial sin perjuicio respecto a la causa de acción instada contra Wafra, o, en su defecto, se ordenara la desestimación parcial **sin perjuicio** de la reclamación presentada contra dicha entidad. (Énfasis provisto).

Al próximo día, 26 de enero de 2025, el TPI declaró *No Ha Lugar* la segunda moción de reconsideración. Al así decidir, el foro primario razonó que la señora Rivera Fernández había tomado la determinación de continuar su reclamación exclusivamente contra la compañía aseguradora de Wafra, Liberty Mutual Insurance, y resolver lo contrario podría abrir la puerta para traer a Wafra nuevamente al pleito[5].

En desacuerdo, la señora Rivera Fernández acude ante Tribunal de Apelaciones, esgrimiendo la comisión del siguiente error por el foro primario:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA RECLAMACIÓN EN FAVOR DE WAFRA INC., CON PERJUICIO, CONTRARIO A LO QUE ESTABLECE NUESTRO ORDENAMIENTO BAJO LA REGLA 4.3(C) DE PROCEDIMIENTO CIVIL DE PUERTO RICO

A raíz de ello, mediante *Resolución* de 24 de febrero de 2025, le concedimos término a la parte apelada para que presentara alegato en oposición.

Sin embargo, transcurrido el tiempo concedido, Wafra nunca compareció, por lo que procedemos a dar por perfeccionado el recurso presentado y proceder a resolverlo.

---

[4] Apéndice el recurso de apelación, pág. 2.
[5] Apéndice del recurso de apelación, págs. 7-8.

## II. Exposición de Derecho

### A. Emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule alegación responsiva. Es mediante el debido diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre la persona para resolver un asunto. *Cancel Rivera v. González Ruiz,* 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017); *Global v. Salaam,* 164 DPR 474, 480 (2005). En consonancia, no es hasta que se diligencie el emplazamiento que se adquiere jurisdicción, y la persona puede ser considerada propiamente parte, pues, aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 5ta ed., Lexis Nexis, 2010, pág. 220. *Torres Zayas v. Montano Gómez,* supra*; Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015).

Una vez expedido el emplazamiento, será diligenciado en el término de ciento veinte (120) días, a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto, de esta ocurrir posterior a la presentación de la demanda. *Bernier González v. Rodríguez Becerra,* supra, pág. 650. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio, sin prórroga alguna. Regla 4.3 (c) de Procedimiento Civil, supra; *Bernier González v. Rodríguez Becerra,* supra, pág. 652. Una subsiguiente desestimación y archivo por incumplimiento con el término antes dispuesto tendrá el efecto de una adjudicación en los méritos, la cual será con perjuicio. *Íd.*

Sobre lo mismo, en *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481, 492 (2024), nuestro Tribunal Supremo estableció que, **"ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial**. (Énfasis y subrayado del original). Además, ante la pretensión de la parte demandante en dicho caso de que el TPI admitiera una moción de desistimiento presentada en fecha posterior a que concluyera el término de ciento veinte días para emplazar, el alto Foro determinó que; **dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(d) de Procedimiento Civil de 2009,** *supra***, corresponde poner en vigor sus efectos y decretar la desestimación sin perjuicio en lugar de dar por desistido el asunto**[6]. (Énfasis en el original). *Íd.,* págs. 492-493.

Por último, y continuando con el examen de la Opinión citada en el párrafo que antecede, el Tribunal Supremo también dispuso que; *la desestimación automática -es decir, mandatoria- por incumplir con los requerimientos de la Regla 4.3(d) de Procedimiento Civil de 2009, no cobra eficacia automáticamente, sino que requiere que el tribunal en cuestión intervenga <u>prontamente</u> y emita una sentencia desestimando y archivando el caso, luego de cerciorarse que así procede.* (Subrayado en el original). Id., pág. 495.

---

[6] En la moción de reconsideración presentada por la parte apelante ante el TPI el 24 de enero de 2025, dicha parte solicitó que se le permitiera *desistir* de la causa de acción presentada contra Wafra, antes que se ordenase la desestimación de la causa de acción por vías de la Regla 4.3(c) de Procedimiento Civil, supra. No obstante, según nuestro Tribunal Supremo lo dejó establecido en *Ross Valedón v. Hosp. Dr Susoni,* supra, el foro primario estaba impedido de conceder tal remedio, en tanto, pasado el término de ciento veinte días sin emplazar, solo correspondía ordenar la desestimación, sin perjuicio. Decidimos no discutir el asunto con más amplitud aquí, porque la parte apelante eligió, (con buen tino), no reproducir tal argumento, (el del posible desistimiento), en el recurso de apelación ante nuestra consideración.

### III. Aplicación del Derecho a los hechos

La controversia que nos ha tocado dirimir es sencilla; ¿correspondía que la causa de acción dirigida por la señora Rivera Fernández contra Wafra fuera desestimada con o sin perjuicio? Sirva reconocer de entrada que la parte apelante no cuestiona ante nosotros que procediera la desestimación de dicha causa de acción, sino que limita su señalamiento de error a esgrimir que la desestimación debió ser sin perjuicio, en lugar de con perjuicio. Conviene también apuntar que tampoco existe controversia de que las codemandadas fueron debidamente emplazadas, por lo que el proceso iniciado contra estas ante el TPI seguirá su curso ordinario.

Entonces, para atender el planteamiento puntual arriba identificado debemos destacar que, aunque el TPI desestimó la referida *Demanda* contra Wafra por infracción a la Regla 4.3(c) de Procedimiento Civil, *supra,* decidió que fuera **con perjuicio,** por motivo de que la parte demandante *optó por ejercer la causa de acción directa contra la aseguradora.* Interpretó así el foro apelado que la decisión de la apelante de seguir la causa de acción directa contra la aseguradora tenía como consecuencia en este contexto la desestimación con perjuicio.

Sobre lo que precede, valga iniciar reconociendo que, a partir de la interpretación de la Regla 4.3(c) de Procedimiento Civil, *supra*, dada por nuestro Tribunal Supremo en *Bernier González v. Rodríguez,* supra, cuya más reciente expresión de ese mismo alto foro la tuvimos en *Ross Valedón v. Hosp. Dr. Susoni, et al.,* supra*,* ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia decretando la desestimación y el archivo **sin perjuicio** de la reclamación judicial.

A tenor, por virtud de la voz expresa de la Regla 4.3(c), *supra,* y la interpretación que de esta realizó nuestro Tribunal Supremo, la primera

desestimación por no emplazar a una parte demandada dentro del término de ciento veinte días será sin perjuicio, pero una segunda desestimación por la misma causa sería con perjuicio. De ello se deriva que, el foro primario no goza de discreción para desestimar con perjuicio cuando está ante un primer incumplimiento con la Regla 4.3(c) citada, pues solo ante una segunda desestimación bajo tal fundamento se considerará el dictamen como una adjudicación en los méritos, lo que justificaría la desestimación con perjuicio.

De lo anterior se sigue que, no habiendo en este caso controversia alguna sobre el hecho de que estamos ante la primera desestimación de la causa de acción presentada por la señora Rivera Fernández contra Wafra por motivo de la infracción al término de la Regla 4.3(c) de Procedimiento Civil, *supra*, correspondía que tal adjudicación fuera **sin perjuicio**.

Véase que este hecho procesal, (la falta de emplazamiento a Wafra dentro del término de ciento veinte días), aconteció en un momento previo a que la parte apelante expresara en su *Moción en solicitud de reconsideración* de 22 de noviembre de 2024, su interés de ejercitar la causa de acción directa contra el asegurador. De este modo, y siguiendo el razonamiento de nuestro Tribunal Supremo en *Ross Valedón v. Hosp. Dr. Susoni, et al.,* supra, cronológicamente correspondía al TPI desestimar la causa de acción contra Wafra *prontamente,* una vez transcurrido el término de ciento veinte días para emplazar, sin perjuicio, **curso decisorio que no estaba atado, ni tenía que esperar, a la expresión de la apelante en términos de que se disponía a seguir la causa de acción directa contra la aseguradora**. El solo paso del término de ciento veinte días sin que la parte apelante emplazara a Wafra, daba lugar a la desestimación de la causa presentada contra esta última, aunque ello requiriera una determinación judicial al respecto.

Dispuesto lo anterior entonces cabe aquí integrar la jurisprudencia atinente al derecho que nuestro ordenamiento le reconoce a un perjudicado de dirigir su causa de acción contra el asegurado, el asegurador o ambos. Respecto a ello, la expresión de nuestro Tribunal Supremo ha sido prístina al aseverar que *la causa de acción de un perjudicado contra una persona asegurada es claramente distinta, separada e independiente de su causa de acción por los mismos hechos contra la compañía aseguradora. Ruiz v. New York Dept. Stores,* 146 DPR 353, 367 (1998). En esta misma Opinión el Tribunal Supremo discutió el claro propósito legislativo, según expresado en los Arts. 20.010 y 20.030 del Código de Seguros de Puerto Rico, 26 LPRA secs. 2001 y 2003, **de proteger el derecho del tercero perjudicado a escoger contra quién dirigir su causa de acción; el asegurado, el asegurador o ambos**. Además, la jurisprudencia sobrevenida con la enmienda al Código de Seguros que supuso la introducción de los artículos citados, ha mostrado una consistente trayectoria[7] en favor del reconocimiento del perjudicado a ejercer la mencionada opción, y la independencia que guarda el encausamiento del asegurador o el asegurado[8].

Por tanto, la determinación de desestimar con perjuicio la causa de acción que la señora Rivera Fernández dirigió contra Wafra, por optar continuar su *Demanda* solo contra el asegurador, no consigue respaldo legal. En consecuencia, corresponde modificar la *Sentencia Parcial* apelada a los fines de que la desestimación contra Wafra sea **sin perjuicio**, y el TPI habrá de tomar en consideración en procesos ulteriores que el valor

---

[7] Tal trayectoria jurisprudencial se encuentra ilustrada al detalle, precisamente en *Ruiz v. New York Dept. Stores,* supra.

[8] La única distinción a esta trayectoria de privilegiar el derecho de opción del tercero perjudicado, según discutido, que podamos identificar ocurrió en *Neptun Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), cuyo tracto procesal es muy distinguible al que está ante nosotros, entre otras razones, porque allí el perjudicado instó dos procesos distintos, contra asegurado y asegurador, en dos regiones judiciales diferentes, sin dar conocimiento de ello a los respectivos foros judiciales.

jurídico que el Código de Seguros y la jurisprudencia citada protege es el del perjudicado ante el asegurado y asegurador.

En definitiva, incidió el TPI al desestimar la reclamación contra Wafra con perjuicio.

## IV. Parte dispositiva

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, modificamos la *Sentencia Parcial* emitida el 14 de enero de 2025, con el fin de decretar que la desestimación de la causa de acción contra Wafra, Inc. sea ***sin perjuicio***.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones